F. D. DUNKER, Appellant, v. THE CITY OF DES MOINES and J. W. TURNER IMPROVEMENT COMPANY.

**Municipal corporations:** PUBLIC IMPROVEMENT: RESOLUTION OF NECES
1  SITY. The statutes contemplate that the resolution of necessity for the construction of a public improvement, which is to be made at the expense of abutting property, shall describe the

adjacent property to be assessed; and failing to do so a contract for the work is invalid.

Same: SEWERAGE: PRESUMPTION AS TO OUTLET. Failure in the first instance to provide an outlet for a sewerage system will not render a contract for the construction of the work invalid; as it will be presumed that the city will provide such an outlet as will render the system serviceable.

*Appeal from Polk District Court.*—HON. JAMES P. HEWITT, Judge.

FRIDAY, JUNE 7, 1912.

APPEAL from an order refusing an injunction against a certain public improvement.—*Reversed* and *remanded.*

*John L. Gillespie,* for appellant.

*Stipp & Perry,* for appellee J. W. Turner Improvement Co.

*Robert O. Brennan, H. W. Byers,* and *E. C. Carlson,* for appellee City of Des Moines.

SHERWIN, J.—The city council of the city of Des Moines entered into a contract with the defendant J. W. Turner Improvement Company for the construction of a sewer of some fifteen miles in length in the eastern part of the city. The plaintiff herein, is the owner of property abutting the proposed improvement, and brought this suit to enjoin the improvement company from constructing the sewer and to enjoin the city of Des Moines from assessing his property therefor, and from issuing warrants on the city sewer fund to pay for said improvement.

The appellant's first contention is that the contract entered into with the improvement company is invalid, be-

cause the resolution of necessity does not state what ad-
jacent property is included in the sewer dis-

1. MUNICIPAL
CORPORATIONS:
public im-
provement:
resolution of
necessity.

trict for assessment.   Section 810 of the
Code provides that the resolution of neces-
sity shall state "whether abutting property
will be assessed . . . and what adjacent property is
proposed to be assessed therefor." All that is said in the
resolution of necessity as to what adjacent property will
be assessed for the improvement is the following:  "The
cost of constructing said sewer to be assessed against prop-
erty abutting thereon and against adjacent property in
accordance with the law governing the same." The statute
requires the resolution of necessity to state what adjacent
property is proposed to be assessed for the sewer, and it is
very evident that the resolution under consideration did not
so state.   The purpose of the resolution is to advise the
owners of property of the proposed improvement, so that
those whose party will be liable to assessment therefor
may appear before the council and make objection thereto,
if they so desire.   This is manifest from the statute itself,
for it expressly says "at which time the owners of the
property subject to assessment may appear and make ob-
jection to the contemplated improvement or sewer and
the passage of said proposed resolution." "Abutting prop-
erty" is easily determined; but, unless the proposed reso-
lution points out what adjacent property will be included
in the proposed assessment, neither the owners of abutting
property, nor the owners of property that may subsequently
be determined to be adjacent to the sewer, can tell what
area will be assessed for the improvement.  The word
"adjacent," as used in the section, does not of itself clearly
determine or locate the land that may be finally brought
within the assessment district because of the benefit it will
receive from the sewer.   The word "adjacent" is, at least,
somewhat indefinite.   Ordinarily, it means "to lie near,
close, or contiguous."   Webster.    Even in its strictest

sense it means no more than lying near, close, or contiguous, but not actually touching. "There are degrees of nearness, and, when you want to express the idea that a thing is immediately adjacent, you have to say so." *Hanifen v. Armitage* (C. C.) 117 Fed. 845; *Hennessey v. County,* 99 Wis. 129 (74 N. W. 983). It does not at all times mean "adjoining" or "abutting," but it is many times so used. *Wormley v. Wright Co.,* 108 Iowa, 232. The word clearly does not mean "adjoining" or "abutting" in the statute under consideration, for the same section makes the proper distinction between "adjacent" and "adjoining" in definite language. It is left, then, for the city council to determine what property shall be included as "adjacent" to the sewer for the purposes of assessment, and we think this should be done and the property so designated in the proposed resolution of necessity as to inform property owners, with reasonable certainty, of the lands that will be included in the sewer district for assessment. It may often happen that property which is clearly geographically adjacent to a proposed sewer is not subject to assessment for that particular sewer, and, as such matters must be determined primarily by the council, we think it should be done before the resolution of necessity is published, and thus give all interested parties proper information so that they may determine whether they want to object to the sewer, or to the passage of the proposed resolution.

The appellees contend that the provisions of sections 819, 820, 821 and 823 negative our construction of section 810. But we are unable to see any conflict between the sections under our construction of 810. Sections 819 and 820 do no more than to direct how the cost of a sewer may be paid, and the tax that may be placed on abutting and adjacent property. Section 821 provides for a plat and schedule showing the streets, avenues, highways, alleys, and the separate lots or parcels of ground, subject to assess-

ment for the improvement, and the names of the owners thereof, and the amount to be assessed against each lot or parcel of ground. This requirement is evidently supplemental to the requirement of section 810, for the purpose of advising interested parties of the streets and alleys affected by the improvement, and of the exact amount assessed against each lot or parcel of ground in the sewer district. Otherwise, the property owners would be in no position to intelligently object to their individual assessments, nor would the council be in a better position in determining what each parcel of ground should be assessed. And, finally, section 823 does no more than to provide an opportunity to the property owner to be heard in opposition to the assessment and to the prior proceedings.

II. We are of the opinion that the resolution of necessity was sufficiently specific as to method of construction. *Nixon v. Burlington,* 141 Iowa, 323.

III. We also think the terms of payment were stated with sufficient clearness, and that competition among bidders was not interfered with by any of the council's proceedings.

IV. No outlet has been provided for this contemplated sewer, and because thereof appellant says that the contract is invalid. It is to be presumed that the city will at the proper time provide such an outlet as will make the sewer serviceable. The construction of fifteen miles of sewer, with no means provided for using any part of the system, would be robbing the property owners, and the courts would soon compel action that would make the sewer useful and effective. the objection on this ground can not be sustained. See *Bell v. City of Burlington,* 154 Iowa, 607; Pages & Jones on Taxation by Assessment, section 401; *Ryder's Estate v. Alton,* 175 Ill. 94 (51 N. E. 821); *South Highland Co. v. Kansas City,* 172 Mo. 523 (72 S. W. 944); *Maywood Co. v. Village of Maywood,* 140 Ill. 216 (29 N. E. 704);

2. SAME: sewerage: presumption as to outlet.

Hamilton on Special Assessments, section 414, and cases cited.

For the reason stated in the first division of this opinion, the judgment of the trial court is reversed, and the case is remanded for proceedings not inconsistent with this opinion.—*Reversed and remanded.*