F. D. DUNKER, Plaintiff and Appellant, v. CITY OF DES
MOINES and J. W. TURNER IMPROVEMENT . COMPANY,
Defendants and Appellees.

**Appeal:** REMAND OF CAUSE: FURTHER PROCEEDINGS. Where the appel-
late court reverses and remands a cause with direction to the trial
court to re-open the same for further evidence, or where the parties
consent that the cause be re-opened, the trial court has authority to
do so.

**Municipal corporations:** ORDINANCES: EFFECT OF SUBSEQUENT STAT-
UTE. Although sections of a general sewer ordinance contemplating
the front foot rule of assessment may have been superseded by a sub-
sequent statute providing for an assessment according to benefits,
still a section of the ordinance simply defining adjacent property,
as the term was to be used in future ordinances and proceedings, thus
enabling property owners to know in advance of a hearing what prop-
erty was to be assessed, was not necessarily superseded by the
statute.

**Same:** CONSTRUCTION OF SEWERS: RESOLUTION OF NECESSITY: SUFFI-
CIENCY. A resolution of necessity providing for the assessment of
adjacent property was a sufficient designation of the property to be
assessed to comply with the statute in that regard, where adjacent
property was defined by a general sewer ordinance as such property
not abutting on the sewer and not otherwise assessed for its cost,
as shall lie within 150 feet of the sewer and can be connected with
and use it.

*Appeal from Polk District Court,* HON. HUGH BRENNAN,
Judge.

TUESDAY, JULY 1, 1913.

SUIT in equity by resident taxpayer against the city of
Des Moines and a contracting construction company to enjoin
them from constructing a sewer known in the record as the

seventh ward sewer, and from assessing plaintiff's property in payment therefor. There was a decree dismissing the petition, and the plaintiff appeals.—*Affirmed.*

*John L. Gillespie*, for appellant.

*R. O. Brennan, H. W. Byers* and *E. C. Carlson*, for appellee, City of Des Moines.

*Brown & Brammer, amici curiœ. Stipp & Perry*, for appellee, J. W. Turner Improvement Co.

EVANS, J.—The demand for injunction is based upon the alleged invalidity in the preliminary proceedings of the city council. The specific claim is that the resolution of necessity did not designate *"what* adjacent property was proposed to be assessed therefor," as required by section 810 of the Code. The case was before us upon a former appeal. *Dunker v. City of Des Moines*, 156 Iowa, 292. Reference may be had to the opinion in such case for a more detailed statement. Section 810 of the Code provides that the preliminary resolution of necessity shall state *what* adjacent property is proposed to be assessed. Upon the record of the case, as presented in the former appeal, it appeared that the resolution of necessity proposed to assess the cost of the sewer against abutting property and "adjacent property." It did not appear, however, that such adjacent property had been in any manner specified or defined by any action of the city council. The proceedings were held invalid on that specific ground. · It was said in the opinion that the term "adjacent" was in itself indefinite and fixed no exact rule by which the particular property to be assessed could be identified, and that it devolved upon the city council to define the same and "to determine what property shall be included as adjacent to the sewer for purposes of assessment," and that this "should be done before the resolution of necessity is published and thus give all interested

parties proper information so that they may determine whether they want to object to the sewer or to the passage of the resolution." On that ground the case was reversed and remanded for further proceedings consistent with such holding. After the remand of the case the trial court upon motion of the defendants and with the consent of the plaintiffs reopened the case for further evidence. The ground and occasion for the reopening of the case was the discovery of an existing ordinance which had been wholly overlooked at the previous trial and which tended to cure the defect in the proceedings upon which the reversal was based.

Section 3 of the general sewer ordinance of the city of Des Moines, known as No. 1020, and enacted in 1899, provides as follows: "Adjacent Property Defined. Sec. 3. That adjacent property as used in this ordinance is declared to be such property, not abutting on such sewer, and not otherwise assessed for the cost of a sewer as shall lie within one hundred fifty feet of said sewer and which can be connected with and use the same."

Upon a retrial in the lower court the case was again submitted upon a stipulation of facts including the foregoing ordinance. It was made to appear also that on March 27, 1913, a certain curative act enacted by the Legislature became operative, and that such act purported to legalize the proceedings under consideration. Upon the facts thus made to appear the trial court held the proceedings of the city council to be valid and dismissed the petition, and the plaintiff again appeals.

The first contention of appellant is that our former decision of the case was final as being entered in an equity case, and that there was no warrant for reopening the case and for a further hearing in the court below. There are two reasons why this contention is not tenable: (1) In the remand of the case by this court an appropriate order was made whereby the trial court was permitted to reopen the case for further evidence.

1. APPEAL: remand of cause: further proceedings.

(2) The plaintiff consented in the trial court that the case be reopened.

It is further contended that ordinance No. 1020 enacted in 1899 was necessarily superseded by the legislation enacted in 1900, known as section 792-a, Code Supplement. This legislation provides for an assessment in proportion to benefits, whereas certain sections of the ordinance referred to provided for, or at least contemplated, the application of the "front-foot" rule. Granting that certain sections of the ordinance No. 1020 were superseded by the legislation referred to, it yet remains that section 3 above quoted was in no manner affected by such legislation. Such section of this ordinance operated as a continuing definition of adjacent property, as the term should be used in future ordinances and proceedings. We think it was adequate to its purpose. It enabled the owners of "adjacent property" to know in advance of a hearing *what* property was proposed to be assessed. *Arnold v. Ft. Dodge,* 111 Iowa, 154, is somewhat in point here.

2. MUNICIPAL CORPORATIONS : ordinances : effect of subsequent statutes.

Reading the resolution of necessity in the light of this ordinance then in force, there could be no doubt as to what property would be affected by the proposed assessment for benefits.

It is further argued that section 3 above quoted is inconsistent with section 792-a, Code Supplement. The argument is that the present statute requires an assessment in proportion to benefits, whereas such section of the ordinance arbitrarily imposes the assessments upon adjacent property within one hundred fifty feet. We see no inconsistency. This section of the ordinance is intended to meet the requirements of Code, section 810. The purpose of section 810 is that there shall be a definite *designation* of the property to be affected. Such property being thus designated, the method of *assessment* must be in proportion to benefits as provided by section 792-a, Code Supplement. We think, therefore, that the ordi-

3. SAME : construction of sewers : resolution of necessity : sufficiency.

nance in question is a sufficient compliance with the require-
ments of section 810, and that it meets the ground of objec-
tion upon which the case was reversed on the former appeal.

In view of our conclusion at this point, we need not con-
sider the question of the sufficiency of the legalizing act here-
tofore referred to and which is assailed in appellant's brief.

The decree of the trial court is *Affirmed*.