JOSHUA H. SPALTI, Appellant, v. TOWN OF OAKLAND et al., Appellees.

**MUNICIPAL CORPORATIONS:** Public Improvements—Resolution of Necessity—Notice—Sufficiency.  A notice of the pendency of a resolution of necessity, relative to paving, is sufficient if it contains the matters which the statute specifically says it shall contain, together with any other matter unavoidably implied. It follows that the resolution itself need not be copied bodily into the notice.  *Held*, a notice was sufficient which recited the pendency of the resolution, enumerated the streets proposed to be paved and the termini of such proposed pavement, and stated the time and place when those *subject to assessment* might be heard, even though it contained no specific statement that such assessments would be made, and no list of property owners. (Sec. 810, Suppl. Supp., 1915.)

*Appeal from Pottawattamie District Court.*—E. B. WOODRUFF, Judge.

SATURDAY, JANUARY 20, 1917.

ACTION in equity for the annulment of a contract entered into between the defendant town and one Beebe for the paving of certain named streets, and to restrain the town and its officers from proceeding with the work of constructing

such paving and from levying any assessment to pay the cost or expense thereof. There was a decree for the defendants and plaintiff appeals.—*Affirmed.*

*Saunders & Stuart,* for appellant.

*Otho S. Thomas,* for appellee.

WEAVER, J.—On December 15, 1915, there was introduced in the town council of the town of Oakland a "resolution of necessity" looking to the paving of certain designated streets. After setting forth with a detail and fullness to which no exception is taken, the kind and character of the proposed improvement, and prescribing conditions and requirements relating to the contract and the construction of the work, the resolution provided for making special assessments to pay the cost and expense of such pavement, in the following words:

MUNICIPAL CORPORATIONS: public improvements: resolution of necessity: notice: sufficiency.

"Section 6. That, upon the completion of said improvement according to said contract and upon notice and proceedings required by the laws of the state of Iowa, said town council shall assess the cost of said street improvement against all lots and parcels of land according to area, so as to include one half (½) of the privately owned property between the streets improved and the next street, whether such privately owned property abut on said street or not; but in no case shall privately owned property situated more than three hundred feet (300) from the street so improved be assessed, and in accordance with the laws governing the same; but said assessment shall not exceed twenty-five (25) per cent of the actual value of any lot or parcel of ground at the time of levy as may be deemed equitable and authorized by said laws, and the balance of said costs, if any, and the cost of excess grading, shall be paid for out of the grading fund, the improvement fund and the general fund of said town; and, in anticipation of payment of special assessment (which

shall not have been paid to said town at the time payment is due to said contractor), the mayor and the town clerk are hereby authorized to issue special assessment certificates, with interest coupons attached, bearing interest at the rate of six (6) per cent per annum, and payable annually; and for any other of the balance of the cost of said improvement above specified, the town shall issue warrants or orders of said town payable out of the said town improvement fund, grading fund, or general fund of said town.''

The meeting of the council for final consideration and action upon the resolution was set for January 21st, 1916, and the clerk published notice thereof for the period and in the manner provided by law. The notice so published was entitled, ''Preliminary Notice of the Consideration for Passage of Proposed Resolutions Ordering Street Improvements.'' It set out the names of the streets and the particular parts thereof to be improved, described the kind, quality and dimensions of the pavement to be laid, and announced that the resolution was on file with the clerk of the town, and that, at the time and place mentioned, owners of property subject to assessment for the cost of the improvement could appear and make their objections or defense to such proceeding. On the date named, the resolution was passed, and thereafter, notice to bidders was published, and a contract for the construction of the pavement was entered into with one Beebe. The plaintiff in this action is a citizen and taxpayer of Oakland, and owns lots abutting on some of the improved streets. He brings this action to enjoin and prevent the carrying out of such contract and to restrain the town officers from levying any assessments because of the alleged invalidity of the proceedings and want of jurisdiction in the council to adopt the resolution or to order the improvement. This objection, as we understand counsel, is based upon the single proposition that the notice of the hearing by the council upon the resolution of necessity was insufficient, because it failed to state whether special assessments were to be laid, or upon what

property the special assessments would be imposed. Naturally, our first inquiry in such case is to look to the statute and see just what is the expressed requirement in this respect. The provision which requires a resolution of necessity as a condition precedent to the ordering of a work of street paving is, in its present form, found in the Code Supplemental Supplement, 1915, Section 810, and, among other things called for in such resolution, is a statement "whether abutting property will be assessed." It is also there provided that the council shall "cause 14 days' notice of the time when said resolution will be considered by it for passage to be given by two publications in some newspaper of general circulation published in the city . . . at which time the owners of the property subject to assessment . . . may appear and make objection to the contemplated improvement." Prior to the adoption of the amendment found in Section 792-g, Code Supplement, 1913, the authority of a city or town to levy special assessments for a paving improvement was limited to property abutting upon the street so improved. The amendment referred to, followed by the section of the same number in the Supplemental Supplement, provides that the assessment area shall include all the privately owned property between the street improved and the half-way line to the next street—not to exceed a distance of 300 feet from the street so improved. These limits are clearly defined, and, when once a street is properly ordered paved, to be paid for by special assessments, no discretion is left in the city or its council. That is, neither city nor council can lay a valid assessment upon the abutting property alone, and except therefrom any other privately owned property between the strictly abutting property and the half-way line to the next street, subject, of course, to the limitation of 300 feet above mentioned. The tax is to be spread over the entire taxable area, apportioned to the several lots according to benefits.

Returning now to the form and contents of the notice to be given of the hearing upon the resolution, it will be observed

that the legislature has not attempted to specify in terms
the language of such notice, nor has it prescribed in even
general terms to what particular thing or things the attention
of the property owners is to be called, except that it must
be of the "time when said resolution will be considered for
passage." If anything more is required, it is to be implied
from what is expressed, and surely the jurisdiction of the
council to act in a matter of such great importance ought
not to be made dependent on a mere inference or implication,
unless it be so clear, natural and unavoidable as to leave no
doubt in the minds of reasonable men that such was the
legislative intent. There is no express command that the
notice shall recite the plans or specifications for the paving
or any of the several matters which the statute requires to be
included in the resolution. It perhaps can be fairly argued
that a notice which does not in some way direct the attention
of property owners interested to the fact that their property
is or may be within the taxing or assessment limit of the
proposed improvement, would be too obscure to be a notice
at all. Admitting this, it appears to us quite clear that the
notice in this case is not open to such criticism. It states
specifically the names of all the several streets which are to
be improved, and the terminal points on each between which
the paving is to be done. It does not attempt to state the
names of the several owners, and this apparently is not con-
templated by the statute. It is to be presumed that, if an
owner has property within the assessed limit, whether strictly
abutting on the street or inside the half-way limit between
streets, he knows it. He should be presumed to know that
such property is, or at least may be, liable to such assessment.
It is a matter of common knowledge that very few streets
are paved otherwise than upon the special assessment plan;
but whether this be a material consideration or not, we see
no injustice or hardship in holding that, when one is notified
that a resolution is pending before the council, proposing a
street improvement for which he knows his property may be

assessed, and that opportunity is being offered for all persons who may think themselves aggrieved by such project to appear and make known their objections, he cannot ignore such notice on the plea that it is not as specific as he thinks it should be, and then be heard to object that he has had no opportunity to show cause against such improvement. Again, the resolution is itself at all times a public record open to his inspection; and if, on reading the notice actually given, he knows, as the plaintiff must have known, that his property is, to say the least, exposed to the liability of assessment, or has any doubt on that subject, his first impulse, as a man of even a low degree of caution, would have been to apply at the city offices and satisfy his mind concerning it. We are not disposed to take any issue with counsel's earnest contention that a want of notice as provided by law of the pendency of the resolution of necessity would be a jurisdictional defect and negative the authority of the council to act. But here no such want appears. There was a notice, duly published for the proper time. It conformed to the only express statutory requirement, and made known to all persons within the taxing limits the time when the resolution would be finally considered, and the opportunity for objection. For us to say that, in addition to what the statute requires, the notice must also specifically mention other facts, omission of which will be fatal to the council's jurisdiction to proceed, would be in the nature of judicial legislation, and beyond the proper province of the court. Suggestion is made that the notice should embody the entire resolution. This, we know from observation, is sometimes done, and when this course is pursued it obviates, of course, all objections of the kind raised by appellant. *Gilcrest v. City of Des Moines,* 157 Iowa 525. Such particularity may be commendable by way of an excess of caution, but it has never been held necessary, and no statute requires it; and to now apply such rule would, in our judgment, establish an undesirable precedent. Substantial compliance with the statute is all that can or ought to be required.

The purpose of a notice of a resolution of necessity is to direct the attention of property owners interested, to the pendency of the project to pave a street for the improvement of which their property may be made liable, and point them to the time when and the place where their objections, if any, will be heard. This function, we have no doubt, was sufficiently performed by the notice given in this case. See *Nixon v. City of Burlington,* 141 Iowa 316, 322; *City of Bloomfield v. Standley,* 174 Iowa 114; *Jenney v. City of Des Moines,* 103 Iowa 347. Quite in point in principle is *Dunker v. City of Des Moines,* 160 Iowa 567, 568. We conclude that the decree entered by the trial court is right, and it is—*Affirmed.*

GAYNOR, C. J., DEEMER and PRESTON, JJ., concur.