DAVENPORT LOCOMOTIVE WORKS, Appellant, v. CITY OF DAVENPORT et al., Appellees.

**MUNICIPAL CORPORATIONS:** Notice of Intention to Construct Sewer. A notice of intention to construct a sewer, which fails to give the *location* of the sewer and the *kind* of materials which will be used in the construction, is fatally defective, even though the notice makes reference to the engineer's plat where such information is set forth. (Sec. 965, Code Supp., 1913.)

*Appeal from Scott District Court.*—F. D. LETTS, Judge.

OCTOBER 25, 1918.

REHEARING DENIED JANUARY 15, 1919.

THE plaintiff prayed that the collection of a sewer tax be enjoined. To its petition a demurrer was interposed and sustained. As plaintiff elected to stand on the ruling, the petition was dismissed. Plaintiff appeals.—*Reversed.*

*Ely & Bush,* for appellant.

*Waldo Becker* and *E. M. Sharon,* for appellees.

LADD, J.—It appears from the petition that the plaintiff is owner of about 45 acres of land in the city of Davenport, separated into three tracts; that, about March 5, 1913, the council of that city adopted a resolution directing the city engineer to prepare a plat for the construction of sewers, as required by Section 965 of the Code; and that, in pursuance thereof and subsequent proceedings, a sewer system was constructed, and $4,315.75 levied against the plaintiff's property as its proper proportion of the cost. The plaintiff contends that all proceedings subsequent to the adoption of the resolution of necessity were without jurisdiction, in that notice of the intention to make the improvement did not comply with Section 965 of the Code, for that it did not specify its location or the kind of material to be used. That section provides that:

"Before the council orders any street improved or sewer constructed, it shall direct the engineer to prepare a plat, showing the location and general nature of the improvement, the extent thereof, the kind, or, in case of sewers, the size and kind of material to be used, and an estimate of the cost thereof, and the amount assessable upon any railway or street railway and upon each lot or parcel of land adjacent to or abutting on such improvement per front foot or square

foot in area, and file such plat and estimate in the office of the clerk or recorder. Notice of its intention to make such improvement shall be published by the city clerk or recorder in three consecutive issues of a newspaper of such city, stating that such plat is on file, and, generally, the nature of the improvements, its location, kind of material to be used, and the estimate of its cost, and fixing the time before which objections thereto can be filed, which time shall be not less than five days after the last publication of such notice. The council, after considering such objections, shall determine what changes, if any, shall be made in the plan shown by such plat, and may, by resolution, order such improvement, prescribing generally the extent of the work, the kind, and, in case of sewers, the size and kind, of the materials to be used, when the work shall be completed, the terms of payment, and provide for the publication of notice asking proposals for doing such work, and the time the same will be acted upon."

The resolution of necessity was in conformity with these requirements; but the notice, as is contended, omitted to state "the general nature of the improvement, its location, kind of material to be used." The notice, save that portion fixing the time for hearing, was in words following:

"Notice is hereby given of the intention of the city council of the city of Davenport to construct the following sanitary sewers, with the necessary manholes and connection pipes, to wit: Thirteenth district main sewer, as per plat, profiles, estimates now on file in the office of the city clerk in the city hall. Estimated cost, $60,656.24.

"The cost of said sewer will be assessed as a special tax against the property abutting and adjacent upon such sewers in proportion to the special benefits conferred upon said property by said improvement. The city engineer's plat of the above described improvement, showing the location and general nature of said sewer, the extent thereof, the

size and kind of material to be used, and the amount assessable against each lot and parcel of land abutting on or adjacent to said improvements, is now on file in the office of the city clerk for inspection of all parties interested in said improvement."

The general nature of the improvement is sufficiently specified, but the notice contains nothing to indicate its location or the kind of material to be used. It is said therein that this may be ascertained from consulting the engineer's plat, on file. This much were possible in any event; for the notice must, in addition to reciting the location and kind of material to be used, state that a plat is on file, and this means such a one as is described in the statute quoted. The manifest design of exacting such a notice is to challenge the attention of the abutting or adjacent property holders, by specifying the proposed location of the improvement and of what it is to be constituted, to the end that they shall be directly advised, and be afforded an opportunity to be heard. If these may only be ascertained by inquiry at the city offices, and upon examination of plats, few, if any, would be likely to do this, and many might doubt their ability so to do.

Reverting to the notice, it will be observed that the sewer is designated as the "thirteenth district main sewer." This district is said to include an area of from 700 to 1,000 acres; and the question at once would arise, in the minds of those paying little heed to such matters, Where is the thirteenth district? In what part of it is the main sewer to be located? No reference whatever is made to lateral sewers, though several were to be laid, the plan contemplating eight sections. A person without information on the subject would be unable to fix the locality of any one of these from anything contained in the notice, nor would he be informed as to the material to be employed in their construction. The notice, as published, served no other pur-

pose than to direct attention to the circumstance that there was to be a main sewer somewhere in the thirteenth district, without indicating its whereabouts or that of the sewer. The rule is well established that the adoption of a resolution of necessity and the publication of a notice of intention to improve are conditions precedent to ordering or making the improvement, and that the statutes requiring same are to be somewhat strictly followed. As these are essential to the exercise of power by the city council, they are jurisdictional, without which all subsequent proceedings are invalid.

Objections to the location of an improvement like that here contemplated, or to the kind of material to be used, would be of no avail to the abutting or adjacent owner, unless interposed previously to the order that the improvement be made.

Section 965 of the Code is so similar to Section 810, the former being applicable to cities under special charter, and the latter to all others, that decisions with reference to what is essential to the exercise of power by the city council in either class of municipalities are controlling, and these uniformly exact substantial compliance with the terms of the statute, as conditions precedent to the making of the improvement. *Shaver v. Turner Imp. Co.,* 155 Iowa 492; *Gilcrest & Co. v. City of Des Moines,* 157 Iowa 525; *Nixon v. City of Burlington,* 141 Iowa 316; *Dunker v. City of Des Moines,* 156 Iowa 292; *In re Appeal of Apple,* 161 Iowa 314; *Spalti v. Oakland,* 179 Iowa 59.

The notice of intention was not in substantial compliance with Section 965 of the Code, for that it omitted what the statute expressly required; and, owing to such omission, the city council was without power to order the improvement.—*Reversed.*

PRESTON, C. J., EVANS and SALINGER, JJ., concur.