ROSS E. MEADER et al., Appellants, v. INCORPORATED TOWN OF SIBLEY et al., Appellees.

**MUNICIPAL CORPORATIONS:** Public Improvements—Adoption of Resolution of Necessity. A resolution of necessity may be adopted contemporaneously with and as a part of a general resolution providing for the construction of the improvement.

*Appeal from Osceola District Court.*—WILLIAM HUTCHINSON, Judge.

JULY 14, 1921.

ACTION to declare certain proceedings of the council of the incorporated town of Sibley, Iowa, to be null and void, and to declare a contract for construction of certain paving to be void, and seeking to enjoin the defendants from acting under said alleged invalid proceedings of the town council. A general equitable demurrer to plaintiffs' petition was sustained, and the plaintiffs elected to stand upon their petition, and from the judgment and decree dismissing the same prosecute this appeal. —*Affirmed.*

*W. C. Gårberson* and *Jepson, Struble & Anderson,* for appellants.

*Stipp, Perry, Bannister & Starzinger* and *B. F. Butler,* for appellees.

FAVILLE, J.—Appellants are residents of the incorporated town of Sibley, Iowa, and taxpayers therein. Certain proceedings were had by the town council of the said incorporated town for the purpose of paving certain streets in said town, the cost of which it was proposed to assess against property owners. Appellants instituted this action for the purpose of declaring the proceedings that had been taken by the town council to be illegal and void, and to enjoin the appellees from proceeding further in regard to said matter. A demurrer to the appellants' petition was sustained; and the sole question for our determination is whether or not the proceedings of the town council, in so far as they had progressed at the time of the institution of this action, were so illegal as to be invalid and void, and to have no force or effect.

By our repeated holdings, we are committed to the proposition that an action in equity to enjoin the proceedings of a town or city council in respect to street improvement and the levying of taxes therefor will not lie unless the said proceedings are absolutely void. See *Chicago, M. & St. P. R. Co. v. Phillips,* 111 Iowa 377; *Fort Dodge E. L. & P. Co. v. City of Fort Dodge,* 115 Iowa 568; *Davenport Loc. Works v. City of Davenport,* 185 Iowa 151; *Shaver v. Turner Impr. Co.,* 155 Iowa 492; *Nixon v. City of Burlington,* 141 Iowa 316; *Dunker v. City of Des Moines,*

156 Iowa 292; *In re Appeal of Apple*, 161 Iowa 314; *Spalti v. Town of Oakland*, 179 Iowa 59; *Polk v. McCartney*, 104 Iowa 567.

In the instant case, the petition to which a demurrer was interposed alleges that there was introduced before the city council of Sibley a resolution of necessity declaring the advisability and necessity of a proposed improvement of certain streets, highways, and avenues in said town by grading and paving the same, a copy of said resolution being attached to the petition. Due notice of the hearing on said resolution was given. At the time of the hearing on the same, the objections to the contemplated improvement were overruled, and the city council adopted a general resolution, which contained numerous recitals in different paragraphs, among which was the following:

"Be it resolved that the resolution of necessity, a copy of which is hereto attached and made a part hereof, be and the same is hereby passed and adopted as proposed."

Other paragraphs of the resolution were introduced with the words "Be it further resolved," and each referred to a particular feature of the project. For example, one paragraph specified the streets that were to be paved; another, that the costs would be assessed as a special assessment; another provided for bids for the work; and another, that all contracts should be let to the lowest bidder. All of said paragraphs referred to the general subject-matter of the construction of the proposed improvement. The resolution in its entirety was adopted by a roll call of the members of the council, and was adopted by an unanimous vote.

The determination of the question presented upon this appeal involves the construction of Sections 810 and 811 of the Code, as amended. Section 810 provides that, when the council of a city deem it advisable or necessary to make or reconstruct any street improvement, the council shall, in a proposed resolution, declare such necessity or advisability. Said section provides that, after notice has been given of the time when the resolution will be considered for passage, a hearing shall be had, at which time the resolution may be amended and passed, or passed as proposed. Section 811 of the Code provides that:

"Upon compliance with the preceding section, the council

may, by ordinance or resolution, order the making or recon-
struction of such street improvement  *  *  *  but the vote
shall be by yeas and nays, and entered of record, and the record
shall show whether the improvement was petitioned for or made
on the motion of the council.''

We have held that, in order for the city council to obtain
jurisdiction to proceed in the matter of street improvement,
the statute must be somewhat strictly followed. *Shaver v. Tur-
ner Impr. Co.*, supra. We have also said:

''The decisions  *  *  *  uniformly exact substantial
compliance with the terms of the statute, as conditions precedent
to the making of the improvement.'' *Davenport Loc. Works v.
City of Davenport*, supra.

The appellants contend that there was no substantial com-
pliance with the requirements of the statute, the particular point
urged being that the resolution of necessity was not adopted by
a separate vote. In other words, it is the contention of the ap-
pellants that the resolution of necessity must be formally
adopted by the city council before it can proceed to adopt a
resolution providing for the construction of the improvement.

As above set forth, the resolution recites that a copy of the
resolution of necessity was attached to and made a part of the
said general resolution that was adopted, and the paragraph
referring thereto provided that the said resolution of necessity
''be and the same is hereby passed and adopted as proposed.''

Counsel lay particular stress upon the language of Section
811, which provides that, ''upon compliance with the preceding
section,'' the council may order the making or reconstruction of
the street improvement. The point made is that the resolution
of necessity must be formally adopted by the council, independ-
ently of any other action, and that it is only *after* said resolu-
tion of necessity has been adopted that the council may pro-
ceed, by subsequent resolution, to provide the necessary steps
for the construction of the improvement.

In 29 Cyc. 1484, 1485, it is said, referring to the words
''on'' and ''upon:''

''Used to denote or to designate the time when anything
happens, it may mean before, after, or simultaneously with, the
fact to which it relates.''

We do not think that the position of the appellants, as applied to the facts in the instant case, is well taken. It is true that there must be a substantial compliance with the provisions of the statute in regard to the procedure in matters of this kind, but the action of the city council in respect to said matters is not to be measured with the utmost strictness nor with the most extreme technical nicety. As a rule, city councils are not composed of lawyers or of men learned in strict technicalities of the law. To apply with exactness the rules of legal procedure to every act of a city or town council would largely hamper and destroy municipal undertakings. A substantial compliance is required.

The evident purpose of the statute is to provide that the city council shall not proceed with the work of street improvement by letting contracts without the adoption of a resolution of necessity; but we find nothing in the statute that prohibits the city council from adopting the resolution of necessity contemporaneously with the resolution providing for the construction of the improvement. "Upon compliance with the preceding section," as used in Section 811 of the Code, may properly be held to mean simultaneously with compliance with the preceding section. The statute does not provide by its terms that the resolution of necessity shall be formally adopted and laid aside, and that then, independently and separately from it, the resolution providing for the construction of the improvement shall be taken up and passed. Where the proper notices have been given and jurisdiction has attached, and where the resolution of necessity is up for passage and adoption, we see no reason why it cannot be so adopted by a formal resolution of adoption, which shall include therein other paragraphs pertaining to the construction of the proposed improvement and other matters, all of which pertain to the same general subject-matter.

Appellants cite us to *Markham v. City of Anamosa*, 122 Iowa 689, wherein we held that, on the passage of every ordinance of a city, the ayes and nays must be called and recorded, and that several different ordinances could not be passed at once upon one roll call. This is true because of the provisions of Section 683 of the Code, which provides that:

"On the passage or adoption of every by-law, ordinance,

and every such resolution or order, the yeas and nays shall be called and recorded.''

The distinction is obvious. There is no provision of the statute requiring the calling and recording of the ayes and nays on the adoption of a resolution of necessity. We have so held in *Jones v. City of Sheldon*, 172 Iowa 406. In the instant case, the ayes and nays were called and recorded upon the adoption of the so-called general resolution, which, by its terms, provided for the passage and adoption of the resolution of necessity as proposed, and also provided steps for the construction of the improvement.

We hold that the proceedings of the town council, as shown by the petition of the appellants in the instant case, were a substantial compliance with the requirements of the statute, and gave the city council jurisdiction to proceed thereunder, and that an injunction will not lie to restrain the council from so proceeding because of the matters and things alleged in said petition. It therefore follows that the appellees' demurrer was properly sustained.

As bearing upon the general proposition herein discussed, see *Rafferty v. Town Council*, 180 Iowa 1391; *Burroughs v. City of Keokuk*, 181 Iowa 660; *Spalti v. Town of Oakland*, 179 Iowa 59, at 64; *Koontz v. City of Centerville*, 161 Iowa 627.

It follows that the decree of the district court must be, and the same is,—*Affirmed.*

All the justices concur.