IDA PAULINA GUENTHER, Appellee, v. CITY OF DES MOINES, Appellant.

**PLEADING:** Matters Specially Pleadable—Implied Waiver.  An implied waiver is in the nature of an equitable estoppel, and must be pleaded.

**APPEAL AND ERROR:** Review—Scope and Extent—Questions Not Raised in Court Below.  The contention that plaintiff had an adequate remedy by appeal, and that, therefore, an action in equity to enjoin the collection of an assessment for grading a street will not lie, cannot be made for the first time in the appellate court.

MUNICIPAL CORPORATIONS:    Public Improvements—Resolution of
3  Necessity—Insufficiency.  A resolution of necessity relative to the
opening of a street, and providing that the "costs * * * by way of
damages * * * to abutting property and * * * in acquiring the * * *
grounds for the opening" be assessed to abutting and adjacent
property, is not broad enough to confer jurisdiction to levy an
assessment for *grading* said street.

MUNICIPAL CORPORATIONS:    Public Improvements—Assessments—
4  Waiver.  An express waiver of illegalities in an assessment is not
shown by evidence that the property owner signed the assessment
schedule, and that at some time the word "waiver" was stamped
to the left of said signature, but without any statement preceding
the signature, showing to what the signature applied.

*Appeal from Polk District Court.*—LESTER L. THOMPSON, Judge.

MARCH 4, 1924.

ACTION in equity, to enjoin the collection of a special assessment for grading the street.  Decree as prayed.  The defendant appeals.—*Affirmed.*

*John J. Halloran, Reson S. Jones, Chauncey A. Weaver,* and *Paul Hewitt,* for appellant.

*R. L. Parrish* and *Don Allen,* for appellee.

STEVENS, J.—This is an action in equity, to enjoin the appellant city from enforcing the lien of a special assessment against the property of appellee for a portion of the cost of grading a street abutting upon property owned by her in the city of Des Moines.  The resolution of necessity declared:

"That it is deemed advisable and necessary to open Washington Avenue from the east line of East Twenty-ninth Street to the east line of East Thirty-third Street, and the following tracts of ground are hereby designated as a street and dedicated to the public for street purposes;" and

"That the cost and expense to the city by way of damages, if any, to abutting property, and the cost and expense to the city in acquiring the necessary ground for the opening of said street, be apportioned to and assessed on and against all lots and

portions of land according to area abutting thereon, and including all adjacent property privately owned and all included within the boundary line described as follows:''

A tax of $744.80, which included a portion of the cost of grading the street, was assessed against appellee's property. The court below found that, in so far as the assessment represented the cost of acquiring the necessary ground for the opening of the street, it was properly levied against appellee's property; but that, in so far as the assessment included any part of the cost of grading the street, it was levied without authority, and should be canceled. A decree so providing was accordingly entered.

Appellant, in addition to a general denial, set up an express waiver by the owner in writing, under the provisions of Section 825 of the Code of 1897. This was the only defense interposed by the city. The questions, therefore, presented by the issues are: (1) Is the assessment of the cost of grading the street void because levied by the city council without jurisdiction; and (2) did Richard Guenther, then the owner of the property, in writing waive all irregularities and illegalities in the assessment, as claimed by appellant?

Before proceeding to discuss these propositions, we will dispose of appellant's contention that, whether an express waiver in writing is established or not, an implied waiver is shown, and that appellee had an adequate remedy by appeal, and that, therefore, an action in equity to enjoin the collection of the tax will not lie. An implied waiver is in the nature of an equitable estoppel, and must be pleaded. The waiver set up in appellant's answer is based strictly upon the statute, which requires that same be indorsed upon the bond or certificate in which it is embraced, or in a separate agreement in writing, providing that, in consideration of the right to pay the assessment in installments, the owner will waive all objection to any illegality or irregularity in the assessment or levy of the tax. Section 825, Code of 1897.

1. PLEADING: matters specially pleadable: implied waiver.

It is true, as contended by counsel, that waiver is universally defined as a voluntary relinquishment of a known right, and is ordinarily largely a matter of intention; but, as stated, appellant pleads only an express waiver, and cannot, therefore, avail

itself in this action of the general equitable doctrine of estoppel. Whether, under the facts of this case, an estoppel is shown, we express no opinion.

No question as to the form of the action was raised in the court below, and we cannot, therefore, consider appellant's contention that appellee had an adequate remedy by appeal, and that an action in equity to enjoin the collection of the tax will not lie.

2. APPEAL AND ERROR: review: scope and extent: questions not raised in court below.

Coming now to the propositions raised by the issues and properly before us for decision, we will first take up appellant's contention that the language of the resolution, together with such matters as arise by unavoidable implication therefrom, is sufficient to cover the cost of grading, and that, therefore, the city council, in making the assessment complained of, acted within the authority and jurisdiction conferred upon it by statute. The resolution provides specifically for the assessment of the cost of acquiring the necessary ground for opening the street, against adjacent privately owned property, in accordance with the benefits conferred thereon by the improvement. The word "opening" is used in no other connection in the resolution of necessity, nor do we find such words as "improvement, establishment of a street," or "necessary work or expense of putting the same in condition for public use," or equivalent language, anywhere in the resolution, except that the word "improvement" is used in the paragraph providing for notice of the passage of the resolution.

3. MUNICIPAL CORPORATIONS: public improvements: resolution of necessity: insufficiency.

It is urged by counsel for appellant that the resolution unavoidably implies that the street known as "Washington Avenue was to be opened and extended from East Twenty-ninth Street to East Thirty-third Street; that a certain strip of his land would be taken for that purpose; that the cost and expense involved in consummating the improvement would be assessed to the benefited district; that, upon a day and hour certain, the city council would be in session at the city hall for the purpose of hearing objections, if any, to the resolution as a whole, or to any particular feature of which he might disapprove; that upon its passage it was contemplated that the ground necessary for the street opening and extension and for the grading and

improvement thereof should be dedicated to the public for street purposes.''

Some of the above matters are clearly expressed in the resolution, or arise by necessary implication therefrom; but can it be said that a property owner familiar with its terms would be thereby charged with notice that his property would be assessed with the cost and expense of the improvement in excess of that necessary in procuring the right of way, by purchase or by condemnation? The language of the resolution thus specifically limits the proposal. The position of counsel for appellant would be somewhat strengthened at this point if it were not for the provisions of Section 751 of the Supplemental Supplement to the Code, 1915, which provides that:

''The expenses of such extension, repairs and improvements may be paid from the general fund, or from the highway or poll taxes of such cities or towns, or partly from each of such funds, or by assessing all or any portion of the cost thereof on abutting and adjacent property according to the benefits derived from such extension, repairs and improvements as provided in Chapter 7 of Title V of the Code and amendments thereto.''

Under the above statute, it was optional with the city council whether the cost of the improvement should be paid out of the general fund of the city, or from the highway and poll taxes collected therein, or partly from each of such funds, or by assessing all or a portion of the cost thereof, according to benefits, against privately owned adjacent property. It seems to us that the necessary inference to be drawn from the wording of the resolution is that the city council contemplated only the equitable apportionment of the cost of securing the necessary ground for the street, against privately owned property. If it were proposed to levy an assessment against adjacent property for the cost of grading and opening the street, the resolution should have in some way so stated. Cases cited by counsel involve questions of construction, but, as the language of the resolution before us is clear and definite, no ground for construction, except to give the usual and ordinary meaning to the language used, is involved. An examination of *Spalti v. Town of Oakland,* 179 Iowa 59, *Royal v. City of Des Moines,* 195 Iowa 23, and other cases cited, reveals that the facts clearly distinguish them from

the case at bar. We reach the conclusion on this point that, in assessing an equitable proportion of the cost and expense of opening and grading the street against appellee's property, the city council acted without jurisdiction, and that the assessment to this extent is wholly void.

As we have already pointed out, property owners may secure the advantage of paying assessments against their property in installments, by signing a written waiver indorsed on a bond or certificate in which the cost, of the improvement is embraced; or by a separate agreement in writing, providing that such owner will not make any objection of illegality or irregularity as to the assessment or levy of such tax upon and against his property. The property involved in this case was, at the time of the assessment, owned by Richard Guenther. He signed the assessment schedule, which, it is claimed by appellant, was intended as a waiver of the illegalities complained of by appellee. The testimony shows that the schedule to which the signature of Richard Guenther is attached is in the form usually and commonly used by the city in securing waivers, except that there is always, either before or after the signing is accomplished, attached to the schedule a printed slip, as follows:

4. MUNICIPAL CORPORATIONS: public improvements: assessments: waiver.

"In consideration of having the right to pay the assessment mentioned in the within certificate in installments, as provided by law, I do hereby agree that I will not make any objections of illegality or irregularity as to assessment; and that I will pay the same with interest thereon at the rate of 6 per cent per annum from the date of said assessment."

It is conceded that the slip was not attached to the schedule when signed by Richard Guenther. The word "waived" is also placed to the left of the signature of each party signing the same, by the use of a rubber stamp. This word is stamped to the left of the signature in question. No evidence whatever was introduced showing whether the stamp was used before, at the time, or after, the schedule was signed. The signature of Richard Guenther appears on the second page of the schedule. At the top of the first sheet is a statement of the cost of the improvement, itemized as "contract price," "advertising estimates," "clerical," and "jurors' awards." The amount of

damages awarded to each property owner is also shown, as is the number of cubic yards of excavation and the expense of excavating, together with other important data. It cannot be claimed that an express waiver is shown in this case, because the printed slip was not, at the time of the signing, attached to the schedule, and it does not appear that Richard Guenther knew of its existence or contents before he affixed his signature to the sheet. No evidence was introduced from which an inference may be drawn that he ever saw the attached slip or knew its contents. The signing of the schedule in the form in which it was prepared, together with the fact that it is the form commonly used in the city of Des Moines for the purpose of securing waivers, all tends to throw light upon the intention of Richard Guenther; but, as we have already pointed out, no estoppel is pleaded. The issue tendered by appellant is that of an express waiver. The statute was enacted both for the benefit of property owners and of the municipality. By the signing of a waiver, all irregularities and illegalities in the assessment are done away with, and the property owner secures additional time within which to pay the assessment. A substantial compliance with the statute is necessary to create an express waiver of irregularities and illegalities in the assessment. It is required by the statute to be in writing. We are persuaded that the evidence in this case wholly fails to sustain the defense of an express waiver.

No other questions vital to the decision of the case are argued by counsel. It follows that the decree of the court below should be and is—*Affirmed.*

Arthur, C. J., Preston and Vermilion, JJ., concur.