FRANK ROZNOS et al., appellants, v. TOWN OF SLATER
and MEMBERS OF TOWN COUNCIL, appellees.

No. 50738.

(Reported in 116 N.W.2d 471)

JULY 24, 1962.

Mahoney, Jordan, Statton & Smith, of Boone, for appellants.

Smedal & Maurer, of Ames, for appellees.

LARSON, J.—The sole question presented by this appeal is the sufficiency of a notice of hearing on a proposed Resolution of Necessity to construct a sewer system in the Town of Slater, Iowa. After being duly served with a notice, plaintiff property owners filed written objections "to the notice and to the sufficiency thereof" prior to the date of hearing, and, when overruled, commenced a suit in equity to enjoin the council from proceeding with the installation of the sewer improvement. The trial court found the notice sufficient to confer jurisdiction to proceed, and sustained the defendants' motion to dismiss. We agree.

The petition alleged that the notice, a copy of which was attached thereto, was "defective, inaccurate and contains abbreviations beyond the knowledge of those intended to have notice and refers to [certain named streets] when, in fact, there are no such streets so designated in the Town of Slater, Iowa, as shown by the official plat of streets" in the county auditor's office. It further alleged the notice failed to meet the requirements of section 391.24, Code of Iowa, 1958 (now 1962) and that it failed to meet the requirements of the State and Federal Constitutions regarding due process.

The notice, among other things, provides that "it is deemed advisable and necessary to construct sanitary sewers including interceptor line and sewage treatment facilities in connection therewith, in said Town, in, upon and along portions of * * * streets and avenues * * * in said Town"; that the "sewage treatment facilities will be located in the SE¼ of NE¼ Sec. 31-82-24; NE¼ SE¼ Sec. 31-82-24, and in O.L.A. of Storing's Addition to Slater, Iowa"; that the "abutting and adjacent property proposed to be assessed is described as follows: [setting forth the legal description of each lot and tract involved]"; that "a plat and schedule of assessments are now on file in the office of the Town Clerk, showing the sanitary sewers to be constructed, the size of the sewers, each lot or tract proposed to be assessed, together with a valuation fixed by the Council, an estimate of cost of the proposed sewers giving an estimate of the cost of each different type of construction and kind of material to be used, and * * * an estimate of that part of the cost which will be assessed against each lot or tract", and prescribed the time and place for hearing objections thereto.

We observe that this notice incorporated a complete copy of the proposed "Resolution of Necessity for Sewers." In sections 1, 2 and 3 of the resolution the extent of the improvement appears, as well as named location and terminal points. It is in the first section the names of certain streets appear which plaintiffs alleged do not exist according to the official plat of Slater. Section 5 listed the description of the abutting and adjacent real property which was to be assessed. In this section plaintiffs' property is described. Section 8 set the hearing "on the 22nd day of

December, 1961, at 7:30 o'clock P.M. at the Town Hall", and section 9 provided that, unless the property owners appeared and filed objections, they shall be deemed waived, and that the proposal would then be given final consideration by the town council.

Section 391.24, Code, 1958, relating to notice, provides: *"It shall cause notice of the time when said resolution will be considered by it* for passage to be given by two publications in some newspaper published in the city, the last of which shall be not less than two nor more than four weeks prior to the day fixed for its consideration; but if there be no such newspaper, such notice shall be given by posting copies thereof in three public places within the limits of the city." (Emphasis supplied.)

Section 391.18, Code, 1958, which sets forth the statutory requirements of a resolution of necessity, provides: "When the council shall deem it necessary to construct, reconstruct, or resurface any street improvement or to *construct or reconstruct any sewer,* it shall, *in a proposed resolution,* declare such necessity, *stating* the kinds of material proposed to be used and method of construction, whether private property will be assessed, and, *in case of sewers, the kinds and size,* and *what adjacent property is proposed to be assessed therefor,* and in both cases *designate the location and terminal points thereof.* That the plat and schedule are on file in the office of the clerk shall be stated in the resolution." (Emphasis supplied.)

Section 391.20 sets forth the requirements of *a plat and schedule.* Such details as the boundaries of the district, the streets to be improved, the width of such improvements, the lots proposed to be assessed with valuations, the estimated cost of the proposed improvement, and the kind of material to be used in different types of construction, and the estimated assessment against each lot involved, are required.

Section 391.22 provides that the council fix a time for hearing of objections to the proposal and to proposed assessments.

It appears the above sections were more or less an editorial division of section 810, Code Supplement, 1913, which provided: "When the council of any such city shall deem it advisable or necessary to make or reconstruct any street improvement or

sewer authorized in this chapter, it shall, in a proposed resolution, declare such necessity or advisability, stating the one or more kinds of material proposed to be used and method of construction, whether abutting property will be assessed, and, *in case of sewers, the one or more kinds and size, and what adjacent property is proposed to be assessed* therefor, and in both cases *designate the location and terminal points thereof, and cause* twenty days' *notice of the time when said resolution will be considered by it for passage* to be given by four publications in some newspaper of general circulation published in the city, the last of which shall be not less than two nor more than four weeks prior to the time fixed for its consideration, at which time the owners of the property subject to assessment for the same may appear and make objection to the contemplated improvement or sewer and the passage of said proposed resolution, *at which hearing the same may be amended and passed, or passed as proposed.*" (Emphasis supplied.)

I. Section 810, Code Supplement, 1913, was referred to in Manning v. City of Ames, 192 Iowa 998, 184 N.W. 347, which appears to be the last time we considered such jurisdictional questions. In the Manning case we were also confronted with the problem of whether plaintiffs were required to follow the statutory remedy by filing all their objections before the town council, with the right of appeal therefrom, or to proceed as they have in equity under the theory that the proceedings were absolutely void due to the insufficiency of the notice. If, under the facts alleged in plaintiffs' petition, facts which must be taken as true in considering defendant's motion to dismiss, the notice was so defective as to render any assessments made thereunder absolutely void, then a court of equity has the power and perhaps duty to enjoin further proceedings in the matter.

On the other hand, where the proceedings complained of are not void, the statutory remedy by filing objections before the town council must be pursued, and injunction will not lie. Husson v. City of Oskaloosa, 240 Iowa 681, 687, 37 N.W.2d 310, and citations; Manning v. City of Ames, supra, 192 Iowa 998, 1000, 184 N.W. 347, and citations.

II. It seems in some of our early cases no distinction was made between the statutory requirements pertaining to the reso-

lution of necessity and those being applicable to the notice. As a result of those decisions it apparently became the general practice to incorporate the resolution in such published notices. Squarely presented herein is the question of what information is necessary or required in such a notice itself.

It is defendants' contention that the only statutory requirement as to notice is that the time and place of the hearing of objections to the improvement proposed be properly served upon those affected, and that while certain requirements, such as the kind and size of sewer tile and the location and terminal points of the project, must be set out in the resolution of necessity, any error, irregularity or inequity appearing therein, which may be corrected by amendment at the hearing, will not invalidate the notice even though the resolution is made a part thereof.

Defendants further contend the abbreviated terms used, such as 8″ VSP, were sufficiently descriptive to meet the requirement as to kind and size of sewer pipe intended, that the designation is well known and commonly used by engineers and planners to indicate eight-inch vitrified sewer pipe, and any objection made to the use of that abbreviation would have resulted in a permissible amendment of the resolution so indicating; that while for the purposes of this appeal it must be taken as true that the named streets used to indicate the location and terminal points of the sewer were not streets designated in the town of Slater, Iowa, as shown by the official plat on file in the office of the County Auditor of Story County, Iowa, this error in the resolution, if it was an error, could also be corrected by amendment at the hearing had a proper objection been made by plaintiffs. They contend plaintiffs were in no way misled by the names used in the resolution, and that the locality and terminal points could be substantially and sufficiently determined from the other localities designated in the resolution and from the lots set out which abutted or were adjacent to the proposed sewer. There is merit to this contention, although our decision here does not require its full consideration.

■ ■ Two well established rules are applicable to our problem. Statutory requirements as to notice must be strictly observed or the proceedings involving special assessments will be held void. 3 Yokley, Municipal Corporations, section 555;

14 McQuillin, Municipal Corporations, sections 38.98, 38.101; Antieau, Volume 3, section 23.07. The purpose of the notice is to alert the concerned property owners that certain work is contemplated so that they can protest if they so desire, "to secure to the owner the opportunity to protect his property from the special or local assessment, and in order to be effectual it should be so full and clear as to disclose to persons of ordinary intelligence in a general way what is proposed and when and where they may be heard." 48 Am. Jur., Special or Local Assessments, section 174, page 710. Unless designated items are specifically required in the statute, it is sufficient if it informs one of the nature of the improvement, the property to be affected, and gives him the opportunity to be heard. Spalti v. Town of Oakland, 179 Iowa 59, 64, 65, 161 N.W. 17. It must conform substantially to the requirements of the law providing therefor. 14 McQuillin, Municipal Corporations, Third Ed., section 38.101. But no more can be required than the legislature has fixed as necessary to be stated in the notice. In re Appeal of Apple, 161 Iowa 314, 318, 142 N.W. 1021.

In the Apple case at page 317 of 161 Iowa, page 1022 of 142 N.W., we pointed out the purpose of this notice is to direct the attention of property owners interested to the pendency of the project to establish a sewer, an improvement for which their property may be made liable, and point them to the time when and the place where their objections, if any, will be heard, and said, "It is not necessary that the resolution of necessity should present all the details of the proposed improvement."

Plaintiffs made no objection to the form of the notice, nor to its service upon them. There was no objection to the specification of time and place of the hearing set out in the notice.

III. It must be observed that the legislature has not attempted to specify in terms the language of such notice, nor has it prescribed in even general terms to what particular thing or things the attention of the property owners is to be called, except that it must be of the "time" when said resolution will be considered for possible amendment and passage. If anything more is required, it is to be implied from what is expressed, and as pointed out in Spalti v. Town of Oakland, supra, 179 Iowa 59,

63, 161 N.W. 17, 19, "the jurisdiction of the council to act in a matter of such great importance ought not to be made dependent on a mere inference or implication, unless it be so clear, natural and unavoidable as to leave no doubt in the minds of reasonable men that such was the legislative intent." When we consider the due process requirements of our Constitutions, no such implication of legislative intent here seems necessary.

There is no express command that the notice shall set out the streets upon which the improvement will be made, the plans and specifications for the installation of the sewer, or any of the several matters which the statute requires to be included in the resolution of necessity itself. If such was the legislative desire, it could easily have said so.

On the other hand, certainly a notice which does not in some way direct the attention of property owners interested to the fact that *their property* is or may be within the taxing or assessment limit of the proposed improvement would be too obscure to be a notice at all. Davenport Locomotive Works v. City of Davenport, 185 Iowa 151, 169 N.W. 106.

It is also true in matters of this kind, where jurisdiction depends upon legislative direction, strict compliance with those directions is required, and while the things complained of here might be valid objections to the sufficiency of the resolution of necessity, which unless explained or corrected later might be raised as jurisdictional defects, there are no facts alleged in plaintiffs' petition, even though true, that would make the notice given herein invalid. It complies with the specific statutory requirements of section 391.24, which, as we have indicated, are few and simple. In addition, it contained ample notice to all the property owners whose property was abutting or adjacent to the proposed improvement that they would be assessed for the cost of the sewer installation in that vicinity.

It may be presumed that, if one's property is listed as it is in section 5 of the resolution, he should take steps to inform himself as to his liability under the proposal and file his objections if he has any. The validity of the notice should not be subject to attack because of erroneous designations in the resolution when such information in the notice is not required, either by

statute or Constitution, and does not tend to deceive the property owners. No such fraud or deceit is claimed.

IV. It is true our former holdings on this subject have not always been clear or consistent. However, they were usually not jurisdictional attacks on the notice alone, but appear to be actions taken to resist assessments where jurisdiction had not been acquired due to failure to substantially comply with the statutory requirements in the resolution of necessity and notice. Manning v. City of Ames, supra; Davenport Locomotive Works v. City of Davenport, supra, 185 Iowa 151, 169 N.W. 106. In the Manning case improvements were made in streets not included originally in either the resolution or notice, and in the Davenport case the resolution and notice did not sufficiently identify the property to be assessed.

In the absence of a specific requirement in the statute (section 391.24) to set out in the notice all the requirements as to the resolution of necessity (section 391.18), we see no injustice or hardship in holding that, when one is notified that an attached resolution is pending before the council proposing a street improvement for which he can see his designated property will be assessed, and that opportunity is being offered for all who may think themselves aggrieved by such project to appear and make known their objections to it, one cannot ignore such notice or object to it alone on the plea that it is not as specific as he thinks it should be, and base his objection on the ground that he has not been given an opportunity to show cause why such improvement should not be made. Spalti v. Town of Oakland, supra. To hold otherwise would seem to serve the purpose of unjust and unreasonable delay in this case.

Both the resolution and the plans and specifications were on file in the clerk's office and were public records open to inspection. Upon reading the notice actually received, each plaintiff must have known that his property was exposed to liability of assessment. As stated in the Spalti case, their first impulse as men of even a low degree of caution would have been to apply at the office of the town clerk and satisfy their minds concerning it. If the terms set out in the resolution had left them in doubt, they could have and as reasonable men should have resolved that doubt by further inquiry. Their property was listed in the notice

as adjacent and abutting property to be assessed for the sewer improvement.

This is not the case where there is lack of notice, which of course would be a jurisdictional defect. The notice was given and received. It did not require the plaintiffs to guess whether or not their property was involved, as was the case in Davenport Locomotive Works v. City of Davenport, supra.

Using the words of the court in the case of Spalti v. Town of Oakland, supra (at page 64 of 179 Iowa): "For us to say that, in addition to what the statute requires, the notice must also specifically mention other facts [such as the streets involved or the meaning of the term VSP], omission of which will be fatal to the council's jurisdiction to proceed, would be in the nature of judicial legislation, and beyond the proper province of the court."

Often the proposed resolution of necessity is embodied in the notice in the exercise of caution, but this does not mean that any failure to strictly comply with all the statutory requirements of an adopted resolution would make the notice defective or invalid. Even if the proposed resolution contained error, irregularities and inequities, not corrected by amendment, those defects would be subsequent defects which may or may not affect the assessment when made later, and which may involve questions with which we are not here concerned. Reed v. City of Cedar Rapids, 137 Iowa 107, 111 N.W. 1013.

At any rate we have adopted the sound position that it is not necessary to embody in the notice the resolution of necessity, or all the facts specifically required in such a resolution, and we continue to refuse to establish such an undesirable precedent. In re Appeal of Apple and Spalti v. Town, both supra. More than mere compliance with the specific requirements of section 391.24 appears in the notice served on plaintiffs herein, and we hold it was not in this regard defective.

We are satisfied it also complies with the constitutional requirements of due process, for it advises those whose property is subject to assessment as to the nature of the improvement and affords an opportunity for them to be heard. Londoner v. Denver, 210 U. S. 373, 28 S. Ct. 708, 52 L. Ed. 1103; 3 Yokley, Municipal Corporations, section 555; 48 Am. Jur., Special or

Local Assessments, section 174, page 710.

V.  Since there were no statutory requirements that the streets be named, or the location and terminal points be so specified, or the material and method of construction be set out in the notice, the factual allegations that they were erroneous and incomplete, even if taken as true, would not state a cause of action upon which relief could be granted in this suit.  We have considered other propositions advanced, and find them either irrelevant to the question involved or of no merit.

The action of the court in dismissing plaintiffs' petition must, therefore, be sustained.—Affirmed.

All JUSTICES concur.