MALLO ET AL. *v.* VILLAGE OF DOVER ET AL.

(Decided April 29, 1929.)

*Mr. R. G. Curren,* for plaintiffs.
*Mr. Gilbert Morgan,* for defendants.

SULLIVAN, J.   This case came here both on error

and appeal, but, the error case having been dismissed, it leaves for consideration of the court the appeal case alone, which is submitted upon the record of the proceedings below. The action, instituted by W. Tyler Mallo and others, sought an injunction against the collection of special assessments levied upon the property of plaintiffs, known as acreage, upon a foot front basis, for the purpose of constructing storm and sanitary sewers on what is known as Detroit road, in the village of Dover, just west of the village of Rocky River, in Cuyahoga county. This improvement was anticipatory of the paving of the road known as Detroit road by the state highway department, and prior to the commencement of the work the village sought to construct the sewers of the character named above. As has been said, the property is known as acreage property, and is not under allotment or built upon, so that these circumstances will have some bearing upon what may hereafter be said.

The injunction is sought on two grounds: First, that no notice of the proposed improvement and assessment was ever served upon or received by plaintiffs, as required by law; and, second, that the sewers as constructed in the road conferred no benefit whatever upon the property of the plaintiffs, and the reasons given for the latter claim are that the sewers would not be of sufficient depth for drainage of the property, and that they would empty into a private ditch on certain property of one of the plaintiffs, from which there is no outlet, and it is argued upon this latter status that the village of Dover would have no authority to empty sewerage therein.

It appears that in Section 3818, General Code, there is the following provision: "A notice of the passage of such resolution shall be served by the clerk of council, or an assistant, upon the owner of each piece of property to be assessed."

The resolution of March 18, 1926, which is known as a declaratory resolution, was passed by the council of the village of Dover, and was entitled: "A resolution declaring it necessary to improve Detroit Road between the easterly line of the village, and Clague Road, by constructing storm water, and sanitary sewers therein."

It is conceded that notice of this resolution was not served upon plaintiffs, several property owners whose lands were to be assessed for the storm water and sanitary sewers, but it is argued that, under the authority of *City of Toledo* v. *McMahon,* 9 C. C., 194, 4 C. D., 3, the assessment would not be defeated because of the absence of such notice.

It must be remembered that an assessment is in the nature of a charge or incumbrance upon the property to be assessed, and the owner necessarily must be a party to any material proceeding, and the Legislature, in our judgment, realizing the importance of notice, passed this statute known as the "Declaratory Resolution" (97 Ohio Laws, 122), for his protection, and this intention on the part of the Legislature is in consonance with the holdings of all our courts that the interpretation given assessing statutes must be of such nature as protects the landowner, and all cases of doubt must be construed in his favor, and one of the reasons must be that the proceeding is in the nature of eminent domain, which

requires a strict compliance with all statutes of such a nature.

It has been our holding in questions of this character that the provisions of the statute must be strictly conformed to, whether they relate to the appropriation of property by municipal corporations or by other corporations, and our opinion has been, and it is unquestionably the law of the land, that, in relation to the taking of property by statute or ordinance, there must be upon every material and vital point a strict adherence to the statutes.

We have great respect for the court's opinion in *City of Toledo* v. *McMahon, supra,* but we take a wider and broader view of the question of notice, because, in our judgment, it is the legislative intent that the property owner should be immediately apprised of even the intention of the assessing body to assess for the purpose and improvement intended, and where, as in the case at bar, it is admitted that this was not done when it could have been done, and when the very wording of an unambiguous statute in mandatory language says it shall be done, it seems like the establishment of a very dangerous precedent, and one in contravention of the rights of property owners, to say that the statute can be ignored and that the notice which the legislative act says must be given need not be given, and that, if it is not given, it is of no consequence, because its only intention was to create the basis for a lawsuit or any claim which the property owners might have.

We think it is a fundamental right belonging to the property owner, which cannot be taken away from him, and any proceedings based upon failure to give

proper notice are, in our judgment, invalid, and this principle we make quite clear in the case of *Roosevelt Hotel Building Co.* v. *City of Cleveland,* 25 Ohio App., 53, 155 N. E., 233, in which case a motion for certification to the Supreme Court was refused. That case involved the question of the widening of Euclid avenue in the city of Cleveland and one of the vital propositions set forth in the opinion is that the contention of the city of Cleveland that the owners of property could not complain, even though notices which were required by statute were not given, had no foundation in law and was in violation of private rights.

As was said by the trial court in the instant case, in one of the paragraphs of his opinion, touching upon the *McMahon case, supra*: "*Joyce* v. *Barron, Treas.,* 67 Ohio St., 264, 65 N. E., 1001. This last cited case was decided long after the case of *Toledo* v. *McMahon, supra,* and virtually overrules that case."

It is our opinion that the lower court was right in its interpretation of those decisions, but, whether right or wrong, it is our unanimous judgment that the failure to give notice under Section 3818, General Code, as provided by law, was fatal to subsequent proceedings, and in this respect it is our judgment that such proceedings without such notice were an unlawful invasion of the private rights of the property owners known as plaintiffs herein.

A mere glance at Section 3818, General Code, and the statutes to which it is correlated, is sufficient to show its importance, and therefore the necessity of notice to the property owners. One of the require-

ments of Section 3818, General Code, is that service must be had upon the owner of each piece of property to be assessed, and Section 3815 provides that: "Such resolution shall determine the general nature of the improvement, * * * shall approve the plans, specifications, * * * shall also determine the method of the assessment, the mode of payment and whether or not bonds shall be issued in anticipation of the collection thereof * * *."

Such a notice served upon property owners serves to put them on their guard, gives them knowledge as to what is contemplated concerning their property, and gives them time to consider and determine what is proper and fit to do in the premises, and one of the least important things is to approach council upon any point wherein there may have been a mistake that might be not only disastrous to the village but to the taxpayers as well. The notice must be served as a summons, or, in the case of no personal service, by publication, thus showing the necessity peremptorily demanded by the Legislature for the protection of property owners, and in the instant case where the land itself is simple acreage, and the benefits are in futurity, instead of *in præsenti,* how much more necessary it is to conform to the statute by serving the notice which the statute requires. We think this notice is in the nature of a condition precedent, and relates indissolubly to the question of the court's jurisdiction, and it seems violative to assume the position that a municipality can go forward by openly acknowledging such a disobedience to the statute, which results in want of notice to the property owners from whom the money is to issue

that is to be translated into public improvement of the municipality. In *Joyce* v. *Barron, Treas.,* 67 Ohio St., 264, 65 N. E., 1001, the court says: "The failure to comply with such precedent condition is not merely an irregularity or defect in the proceedings provided for in the curative Sections 2289, 2289a. The irregularities and defects therein referred to are such as occur in the exercise of lawful authority by the council. Where there is an entire failure to give the notice required, and the resident owner has no notice or knowledge of the making of the improvement until after it is wholly completed, an assessment upon his abutting property to pay for such improvement will be perpetually enjoined." This is a decision of the Supreme Court of Ohio, and it is our holding that its principles are applicable to the record in the case at bar.

In discussing the present case we have the striking fact that no notice whatsoever of the provision in question was given or attempted to be given. It is not a question of a defective notice, a deficient notice, or inadequate notice. It is a case of no notice at all. This status of the record makes emphatically applicable—especially keeping in mind Section 3911, General Code, to the effect that there must be a strict construction in favor of the property owner—such cases as *Farber* v. *City of Toledo,* 104 Ohio St., 196, 135 N. E., 533, where, even upon the giving of notice, the failure to make material elements appear invalidate it because of inadequacy, and the case is therefore treated as if no notice whatever was given. Upon this we also cite *Baxter* v. *Van Houter,* 115 Ohio St., 288, 153 N. E., 266, and the authorities upon this point may be multiplied.

Now when we come to examine the record as to facts with respect to benefits to the property in question, it is our judgment that there is an utter failure to show benefits to such property other than theoretically created, and therefore in our judgment the evidence is not of that character which must form the basis for assessment against the property, on the principle of benefits as outlined by the statute. The property assessed is north of Detroit road, and slopes necessarily to the north, and it appears from the record that, as to certain portions of the acreage at least, there could be no drainage by reason of the construction, because of the difference in altitude between the lay of the land and the sewers. In other words, the sewers are not low enough at certain portions to drain the land, because the sewers are higher than the land itself, and, consequently, such a situation cannot form the foundation of benefits, and therefore there is no basis for assessment upon the theory of benefits, and thus we hold, from an examination of the record, that there is an absence of proof as to any benefits accruing from the assessment, first, because of what has just been noted, and, second, because the benefits themselves, as argued by able counsel for the village of Dover, lie largely in futurity, and we think so far in the future that they are too remote to base present assessments upon, even though we do not say that in the assessing of property for improvement the future as well as the present cannot be taken into consideration, providing it is not too remote.

The remarks of the trial court upon this question are so apt that we adopt them and incorporate them in this opinion:

"The evidence shows that Dover is an incorporated village in Cuyahoga county; that Detroit Road runs through said village in an easterly and westerly direction; that plaintiffs' property described in the petition abuts on the northerly side of said road; that said road runs along the side of a hill; that the land above the road slopes down sharply from the road in a northerly direction some 120 to 200 feet to the bottom land part of plaintiffs' premises; that Mallo's land fronts 554 feet on Detroit Road and runs back from said road approximately 1900 feet; that Mrs. Burr's land fronts 277 feet on said road and runs back approximately 1900 feet; that plaintiffs' lands have not been platted into building lots; that the village constructed both a so-called sanitary sewer and a storm water sewer in said road; that these sewers were placed in the same ditch; that the sanitary sewer was first placed in the bottom of the ditch, then the ditch was filled approximately 18 inches, then the storm water sewer placed in the ditch and covered; that the depth of the ditch was from 8½ to 11½ feet deep; that from the west side of the Mallo property the sewers drain east and from the east side of the Burr property the sewers drain west, and all empty into a culvert under the road opposite the property of one of plaintiffs, and that the storm water sewer now carries storm water from Detroit Road to said culvert from which it flows into an open drain running down northerly on the property of one of the plaintiffs, but that the sanitary sewer is not, and cannot, now be used as a sanitary convenience because it is not now connected with any other sewer or drain which can or will con-

duct it to a place of disposal; that the village now has no place for the disposal of any sewerage that may now or hereafter be turned into said sanitary sewer; that the motive which actuated the village council to construct said sewers was the fact that the State Highway Department would not join the county and village in hard surfacing Detroit Road until such sewers had been constructed; that no notice was served on plaintiffs of the passage by council of the resolution, declaring it necessary to construct said sewers; that no notice of such proposed improvement was published as required by Section 3818, General Code, when abutting property owners had not all been notified; that plaintiffs had no knowledge of the intent on the part of the village to construct said sewers till the work had been begun and well under way.

"The statute authorizes villages to build sewers, Sections 3616 and 3647, General Code.

"Main and branch sewers may be constructed by villages without their having adopted a general plan or system of sewers, and assessments made on property which is benefited by such sewers if the improvement is made for the purpose of improving or benefiting said property. Section 3882, General Code. Such assessments however must be made in accordance with the law of assessments as provided for the construction of main or branch sewers according to a previously adopted plan. Section 3882, General Code. This section was not enacted for the purpose of authorizing villages to construct sewers as part of road improvements, but to construct sewers to improve lots and lands which must be des-

ignated in the ordinance to be improved. Since the resolutions of the village council in this case declare the construction of the sewers to be necessary to improve the street or road and not the property, Section 3882, General Code, cannot apply."

Thus holding, a decree is found in favor of plaintiffs, and a journal entry may be prepared accordingly.

*Decree for plaintiffs.*

VICKERY, P. J., and LEVINE, J., concur.