Day, J.
 

 The essential requisites sought to he attained by the law with reference to notices of this character are to bring knowledge home to the owner of the property of the passage of a resolution by the council to improve the street in question and that the cost thereof will be assessed upon adjoining property owners. The law further requires that such notice shall be served on the owner in the same manner as a summons is served in a civil action. The sections relative thereto provide, in part, as follows: Section 3818.
 
 “A
 
 notice of the passage of such resolution shall be served by the clerk of council, or an assistant, upon the owner of each piece of property to be assessed, in the manner provided by law for the service of summons in civil actions.” Section 11286. “The service shall be made at any time before the return day, by delivering a copy of the summons, with the indorsements thereon, to the defendant personally, or by leaving a copy at his usual place of residence * * *.”
 

 It is to be noted that Section 3818, General Code, relates to the manner of service, and not that the notice itself shall have the formalities of a summons in a civil action. The purpose is to bring home knowledge to the property owner of the passage of the resolution by council. The summons in a civil action, by the terms of Section 11286, General Code, may be served by leaving a copy thereof, with the endorsements thereon, with the defendant person
 
 *550
 
 ally, or by leaving a copy at his nsnal place of residence.
 

 It is not denied that the notice received by Smith was a true copy of the resolution to improve; that it was served by the clerk of council within the time prescribed by law; that at the time of such service C. B. Smith was in fact the owner of lot 1585, and the manner of service was by giving such notice to some person at Smith’s residence. The record shows that Smith admits seeing this notice, and during the oral argument in this court it was admitted that Smith had received the notice.
 

 We deem this service of notice upon C. B. Smith, as shown by this record, a compliance with Section 3818, General Code. The fact that such notice may have contained the name of Anna Smith at the top thereof, and the return showed service upon Anna Smith, deceased, was immaterial so long as C. B. Smith, the owner of the “piece of property to be assessed,” was thereby receiving written notice of the passage of a resolution by the village council to improve this street by resurfacing and to assess the adjoining property owners. Such notice would not and could not have been more effectually brought home to C. B. Smith as owner of the property if it had contained his own name at the top instead of the name of his deceased wife. It was the same property, and he certainly knew he was the owner. He had lived there for more than four years with his wife, and he certainly knew that the property, of which he was then the owner, he had lately acquired from his wife and had an administrator’s deed therefor, and that the property referred to, which the village proposed to affect by the resolution to improve,
 
 *551
 
 was in truth and in fact the same identical property. With such knowledge, he was fully advised of every right which he had in the premises, and must, therefore, be held accordingly.
 

 The cases of
 
 City of Cincinnati
 
 v.
 
 Sherike,
 
 47 Ohio St., 217, 25 N. E., 169, and
 
 Joyce
 
 v.
 
 Barron, Treas.,
 
 67 Ohio St., 264, 65 N. E., 1001, are readily distinguishable upon the facts. In the former case no written notice was served, as required by law; in the latter case, no notice was served at all.
 

 The language used in the case of
 
 People, ex rel. De Frece,
 
 v.
 
 Lathers,
 
 141 App. Div., 16, 125 N. Y. S., 753, 756, is apt in the present instance: “She holds her property subject to the right of the community to impose those reasonable burdens commonly accepted by the residents of municipalities, and she is asked to pay only the cost of doing the work which it was her duty to do, with the incidental cost of collecting the same. To permit highly technical objections to override the obvious justice of requiring the relator to pay her portion of the cost of doing the work which it was her duty to do would be to exalt form over substance, and to work a wrong.”
 

 Being of opinion that the notice served in this case was a legal notice in compliance with the provisions of Section 3818, General Code, the injunction restraining the village from collecting the assessment because of defective notice should have been denied. It follows, therefore, that the judgments of the courts below must be reversed and final judgment entered for the village.
 

 Judgment reversed.
 

 Marshall, C. J., Jones, Matthias, Allen, Kinkade and Robinson, JJ., concur.