SCHMIDT, ET, Plaintiffs-Appellees, v VILLAGE OF DEER PARK, Defendants-Appellants.

Ohio Appeals, First District, Hamilton County.

No. 6833. Decided November 17th, 1947.

William R. Collins, Cincinnati, for appellees.
J. Louis Warm, Cincinnati, for appellant.

## OPINION

By THE COURT:

This is an appeal on questions of law from a judgment enjoining the collection of street and sidewalk assessments. The improvements were commenced and the assessments levied in the latter part of 1938. The improvements were completed in November, 1939. This action was instituted on the 25th day of February, 1941.

The assessments were levied on the basis of the footage fronting upon the streets improved. There is some evidence of the value of the property after the improvement which shows that the assessments were less than one-third that value. There is no evidence of the value of the property before the improvement. However, it is manifest that the improvement enhanced the value somewhat, and no contention was made by appellant, by brief or oral argument, that the assessments exceeded the benefits.

The validity of the assessments is assailed because of two alleged procedural defects:

(1) That the defendant failed to serve the plaintiffs, Albert T. Thiedeman and Grace E. Thiedeman with written notice of the passage of the resolution of necessity in the manner prescribed by §3818 GC.

(2) That there was incorporated in this municipal legislation provision for improving many streets and sidewalks in addition to these streets, thus violating §4226 GC.

As a corollary, it is contended that to sustain these assessments would violate the due process clauses of the Federal and State Constitutions.

The record shows that all the plaintiffs during all the time the improvement of these streets was pending resided in the premises abutting on the streets against which these assessments were levied. They were informed of the contemplated improvements and assessments, and appeared before council and urged that the improvements be not made. They knew that the council decided to proceed and watched the work progress to completion without filing any protest as required by law to the assessment or otherwise. It was only after the improvement had been completed and they had been notified of the maturity of the first installment of the assessment that they protested, and that protest was by filing this action.

The only dispute relates to whether the Thiedemans received the written notice of the passage of the resolution of necessity. The clerk testified that he left the notice at their usual place of residence with the person whom he found there. The Thiedemans testified that they did not receive it.

It is not contended by the plaintiffs that they were prevented from asserting any claim for damages by reason of not receiving the written notice of the passage of the resolution of necessity.

The record is clear that the passage of all the resolutions and ordinances relating to these improvements was duly published as required by law.

The trial court construed §3812 GC, to authorize the incorporation of one improvement in legislation, and further construed §3815-1 GC, as not applying to the improvements involved here. The court thereupon applied §4226 GC, prohibiting the inclusion of more than one street improvement in the same legislation, and found that this legislation violated that section. For that reason, the collection of the assessments was enjoined.

We do not think it is necessary to discuss the soundness of the plaintiffs' contentions or the basis of the trial court's decision, as we have reached the conclusion that the plaintiffs were in no position to assert defects in the legislation authorizing these improvements and assessments. It is our view that the plaintiffs by their inaction with full knowledge of the facts have waived whatever right they had to object.

In **City of Cuyahoga Falls v Beck, 110 Oh. St 82,** the court had under consideration the question of whether a property owner with actual notice who failed to file objection, could after the improvement was completed, enjoin the collection of the assessment on the ground that it exceeded one-third of the value of the property after the improvement. The Court held:

"* * * Where the property owner has received actual notice of the amount of the assessment, failure to file such written objection constitutes waiver of the right to question the assessment in a court of equity under §12075 GC, and this is true even though the assessment exceeds 33 1-3 per cent. of the actual value of the lot or parcel of land in question after the improvement is made."

If inaction after notice deprives a property owner of standing in a court of equity to raise the question of the amount of the benefit in relation to the value of his property, stronger reasons would seem to deprive him of the right to found his claim for equitable relief on purely technical defects in the legislative procedure.

This court has had before it on several occasions the question of whether a property owner may remain inactive after notice until the improvement has been completed and then secure an injunction against collection of the assessment on the ground that the statutes have not been followed in some respect. We have held that he had waived the defect. **Joseph Oker Sons Co. v Cincinnati, 45 Oh Ap 466,** and **Cincinnati v Board of Education, 63 Oh Ap 549.** In the latter case there was involved the broad question of the jurisdiction of the courts to interfere with the action of assessing authorities.

We are not unmindful of the case of **Joyce v Barron, 67 Oh St 264,** holding that where there is an entire failure to give the written notice of the passage of the resolution of necessity "and the resident owner has no notice or knowledge of the making of the improvement until after it is wholly completed" the assessment will be enjoined. The quoted part distinguishes that case from the present one as well as the fact that there was service, albeit defective, of the written notice in the present case.

· In Bartlesville v Holm, 9 A. L. R. (40 Okla. 467, 139 Pac. 273), 627, the court held as stated in the syllabus, that:

62

"Where jurisdiction is conferred upon a municipal body to provide for paving its streets and charge the cost thereof against the property benefited, according to the method provided by law, a property owner who stands by while such work is being prosecuted, with full knowledge that large expenditures are being made for such improvement, which will benefit his property, or, upon due notice, fails to appear at the proper time and before the tribunal prescribed by law, and present his objections, if he have any, will not, after the work is completed, be afforded relief by injunction against assessments levied against the property benefited, to pay for such work."

The elements of an estoppel or waiver under the circumstances of this case are set forth in the fifth paragraph of the syllabus of Tone v Columbus, 39 Oh St 281, which we quote:

"Active participation in causing the improvement to be made will estop the party engaged therein from denying the validity of the assessments but to create an estoppel from silence merely, it must be shown that the owner had knowledge: 1. That the improvement was being made; 2. That it was intended to assess the cost thereof, or some part of it, upon his property; 3. That the infirmity or defect in the proceedings existed which he is to be estopped from asserting; and 4. It must appear that some special benefit accrued to his property from such improvement which it is inequitable, under the circumstances, he should enjoy without compensation."

We find all the stated elements of an estoppel in this case. By §3902 GC, it is enacted that:

"When it appears to the council that a special assessment is invalid, by reason of informality or irregularity in the proceedings, or when an assessment is adjudged to be illegal, by a court of competent jurisdiction, the council may order a reassessment, whether the improvement has been made or not."

It would appear to be a vain thing to enjoin the collection of this assessment when the village council has the power to impose the identical burden by a reassessment. If there had been a showing that prejudice had resulted to the plaintiffs

by the irregularities in these proceedings, and that such prejudice could be corrected by a re-assessment, a different case would be presented.

For these reasons, the judgment is reversed, and, as it appears on the record that the appellants are entitled to a judgment in their favor, such judgment may be entered.

MATTHEWS, PJ, ROSS and HILDEBRANT, JJ, concur.