**SISTERS OF THE POOR OF ST. FRANCIS, etc., Plaintiff-Appellant, v CINCINNATI, (City) et al., Defendants-Appellees.**

Ohio Appeals, First District, Hamilton County.

No. 6894. Decided May 17, 1948.

Kunkel & Kunkel, Cincinnati, for plaintiff-appellant.

Henry M. Bruestle, City Solicitor, Miss Isabel Guy, Asst. City Solicitor, Cincinnati, for appellees.

**OPINION**

By HILDEBRANT, J.:

On retrial de novo before this Court plaintiff seeks to enjoin the collection of a special assessment according to benefits for a street improvement along the rear of its abutting property for the sole reason that the service of notice made herein is fatally defective.

By stipulation the parties agree that the City took proper legislative action to make the improvement and that proper legal notice was duly served on the Sister Superior in charge of its Hospital property sought to be assessed, who accepted the same and signed a receipt therefor, on behalf of the corporation, although she is not and was not on that date an officer of the corporation. It is further stipulated

"The Sisters of the Poor of St. Francis, the plaintiff herein, is an Ohio corporation with its principal place of business at St. Clare Convent, Hartwell, Cincinnati, Ohio, having been incorporated on the 21st day of December, 1859. Its property is vested in three trustees all of whom live at St. Clare Convent. The president of the corporation is and was on the date herein concerned the Mother Provincial; the vice-president of the corporation is and was on the date herein concerned the Superior of St. Clare Convent, and the secretary of the corporation is and was on the date herein concerned Sister Paula. All are residents of St. Clare Convent, Cincinnati, Ohio. The three trustees are the president, vice-president and secretary of the corporation and were in the county on the date of service of notice to Sister Odorica."

The Hospital fronts on one street level situated at the base of a hill which rises so abruptly in the rear to its frontage on the improvement street level and to such a height that the improvement street is not visible from the top floor of the Hospital. Its steepness demonstrated by the fact that wooden steps are required for the ascent from the lower to the upper level.

Additional testimony now before the Court by way of deposition is that the Sister Superior in charge of the Hospital, deeming the notice for which she receipted of no importance,

filed it away and never advised any officer of the corporation of the fact of receiving it. The Secretary of the corporation testified by way of deposition that none of the officers of the corporation was ever served with notice nor had actual knowledge of the pending improvement.

Was the service of the proper legal notice accepted and acknowledged by the Sister Superior in charge of the Hospital so fatally defective as not to bind defendant corporation?

Sec. 3818 GC, requires notice of council's legislative intent and action to be served on the owners of property to be assessed in the manner provided by law for service in civil actions. Compliance therewith is mandatory and jurisdictional before a valid assessment can be made. The pertinent part of §11288 GC, providing for the manner of service in civil actions upon corporations is:

"A summons against a corporation may be served upon the president, mayor, chairman or president of the board of directors or trustees, or other chief officer; or if its chief officer be not found in the county, upon its cashier, treasurer, secretary, clerk, or managing agent; or, if none of such officers can be found, by a copy left at the office or usual place of business of the corporation with the person having charge thereof."

The stipulation and the evidence affirmatively show that no service of notice of any kind was had or attempted to be had on any of the officers enumerated in' the statute, who, in this case, were all within the county and living at the Hartwell Convent, the principal place of business of the corporation. The alternative provisions for service in event a chief officer of the corporation be not found in the county are therefore not applicable to the facts before us here. We, therefore, conclude that the service of notice on the Sister Superior in charge of the Hospital was completely ineffective to meet the requirements of the statute.

On examination of §3901 GC, relieving against technical irregularities and defects and §3911 GC, requiring a liberal construction in favor of the improvement proceedings, we find no cure for a failure in the jurisdictional requirement of service of notice according to law.

The injunction is granted and a decree may be presented accordingly.

MATTHEWS, PJ, ROSS & HILDEBRANT, JJ, concur in syllabus, opinion & judgment.