MELVIN ET AL., APPELLEES, *v.* CITY OF CHILLICOTHE ET AL., APPELLANTS.*

*Motion to certify the record overruled, October 19, 1960. Appeal dismissed, 171 Ohio St., 348.

522

（No. 469—Decided April 18, 1960.)

*Mr. Thomas A. Boulger* and *Mr. William C. Boulger*, for appellees.

*Mr. William W. Stanhope*, city solicitor, for appellants.

RADCLIFF, J. The appellees in this case are Kenneth C. Melvin, Elizabeth S. Melvin, James E. Hinkle, Lillian D. Hinkle, Robert F. Joseph and Kathrine M. Joseph. They were the plaintiffs in the trial court and will be referred to as the plaintiffs throughout this opinion. The apppellants in this case, the city of Chillicothe, the Auditor of Ross County and the Treasurer of Ross County, were the defendants in the trial court and will be referred to as such throughout this opinion.

The plaintiffs are the owners of adjoining lots in Bell's Hill Subdivision in the city of Chillicothe, being Nos. 16, 17 and 18 and located on Bellview Avenue in that city. In 1955, the defendant city embarked upon a general program of improvement of its municipal water system and adopted two resolutions of necessity as to the improvement program. The resolutions provided that the cost, in the most part, would be financed by special assessments on a front foot basis upon property abounding and abutting on the improvement. The resolution effecting the property owned by the plaintiffs was No. 262-55 and was adopted on May 13, 1955. The ordinance that implemented the resolution was ordinance No. 2840-56 and was passed on March 7, 1956.

The resolution of necessity was enacted pursuant to Section 727.09 of the Revised Code. After the adoption of the resolution the city attempted to comply with the notice requirements of Section 727.14 of the Revised Code. That section, insofar as it pertains to the case before us, reads as follows:

"Notice of the passage of a resolution of necessity under Section 727.09 of the Revised Code shall be served by the clerk of the legislative authority of a municipal corporation, or an assistant, upon the owner of each piece of property to be assessed, in the manner provided for the service of summons in civil actions. * * *."

The clerk of council of the city of Chillicothe, J. Kenneth Rudell, testified that his records revealed no return of the service of notice upon the plaintiffs in this case. Defendants' exhibit B, the return of the service of notice, was withdrawn from the exhibits and was not available to us; consequently the statement of Mr. Rudell will have to be accepted at its face value as to the question of service of notice. The plaintiffs were unanimous in their testimony that they had never received any notice and that the first knowledge they had that their property was to be assessed for the improvement in the water system was on February 5, 1958, when they received a postcard giving the number of feet fronting upon Bellview Avenue and the amount of the assessment on their respective properties for the improvement.

On May 3, 1958, plaintiffs filed suit in the Common Pleas Court of Ross County urging the illegality of the assessments herein and praying for injunctive relief against the city, the county auditor and the county treasurer. The temporary injunction was granted and, after final hearing, the injunction was made permanent upon the giving of bond by the plaintiffs. The defendants then perfect this appeal. The defendants urge nine assignments of error, and we will dispose of all of them, but we will not encumber this opinion by reciting them. They raise only three questions, even though nine in number, and those questions are:

1. Was the notice adequate?

2. Did the trial court substitute improperly its opinion as to the necessity and special benefits of the improvement?

3. Were the plaintiffs estopped from objecting to the assessments because two of them ultimately became members of the council of the city of Chillicothe after the improvement was completed?

The requirement of Section 727.14, that notice be served

of the passage of the resolution of necessity which contains an intent to finance a municipal improvement by special assessment, is mandatory. The statute in effect in 1955 provided only one means by which such service could be made. The statute was amended in 1959 to provide, at the option of the legislative authority of the municipality, service by registered mail. However, this option was not available in 1955 and 1956.

The leading case on the question of notice is *Joyce* v. *Barron, Treas.*, 67 Ohio St., 264. The doctrine and principles enunciated in that case are still in full force and effect. See *Mallo* v. *Village of Dover*, 36 Ohio App., 84, and *Sisters of the Poor of St. Francis* v. *City of Cincinnati*, 83 Ohio App., 307. The defendants urge in support of their contention that strict compliance with the statutory requirement is not necessary and cite *Schmidt* v. *Village of Deer Park*, 81 Ohio App., 417. We wish to point out that the *Deer Park case* was decided prior to the *Sisters of the Poor case*. Both cases were in the First District Court of Appeals. The *Deer Park case* is clearly distinguishable in fact from the case before us. After a careful examination of all the authorities and application of the principles laid down in the foregoing cases to the factual situation before us, we can come to but one conclusion, that there was no service of notice upon the property owners herein sought to be assessed.

As to the second point raised by the defendants, that the trial court substituted its judgment as to the special benefits to the property involved for that of the council of Chillicothe, we can find no justification for that claim. It is true the court admitted testimony offered by the defendants to show what the general benefits to the entire area were and what, in its opinion, the special benefits were to the property owned by the plaintiffs. The court also admitted testimony offered by the plaintiffs to the effect that there were no special benefits to their property and that the benefits, if any, to the property of the plaintiffs were no different than those benefits to adjoining property that was not specially assessed. The assistance of the trial judge's opinion was denied to us as it was not made a part of the record. The entry from which this appeal was taken makes no reference as to the presence or absence of any

special benefits to the property owned by the plaintiffs. The entry recites that the assessments are illegal and void as violative of Section 19, Article I of the Constitution of Ohio, and enjoins the city, the county auditor and the county treasurer from placing the assessments on the tax list and the collection thereof. We cannot see that this question is in anyway involved in this appeal, and, consequently, we must say there is no showing that the court invaded the province of the council of the city of Chillicothe as to the question of special benefits.

We now turn to the question of estoppel and waiver. The situation before us is somewhat analogous to the rule in criminal law to the effect that a forgery, being void, can never be ratified. However, by certain conduct a party may be estopped from raising the defense of forgery. In this case the requirement of service of notice is jurisdictional. Without notice the entire proceeding is a nullity and cannot be ratified. Did the plaintiffs in anyway acquire knowledge or conduct themselves in such a manner as to invoke the doctrine of estoppel or waive their right to raise the question of failure of service? The defendants' position is that, as two of the plaintiffs, James E. Hinkle and Kenneth Melvin, became members of the council of the city of Chillicothe and voted for the final assessing ordinance for the improvement, they could not now object. Mr. Hinkle was a member of council in December 1957, and Mr. Melvin was a member of council in January 1958. In December 1957, the preliminary assessing ordinance was passed, and, in January 1958, the final assessing ordinance was passed. Mr. Hinkle, before voting on the preliminary assessing ordinance, inquired of the city engineer of the city of Chillicothe if his property was to be assessed and was assured that it was not covered by the assessment. There is no evidence of bad faith on the part of either Mr. Hinkle or Mr. Melvin and it was not urged by the defendant city. It seems to be purely a coincidence, but certainly an unusual one.

There is no question that all the plaintiffs knew the improvement was being made, for their houses faced upon Bellview Avenue where the new water main was laid. However, all the plaintiffs received their water from a tap on an existing main that ran down Mead Road and Bearce Drive to the rear of

their properties. They had been served by that tap and main from the time they moved into the area and are still served thereby. No other lots abutting on Bellview Avenue were assessed. We can find nothing in the surrounding circumstances that could have alerted the plaintiffs or put them on notice. The fact that two of the plaintiffs were members of council only serves to underscore that which we all have known for a great period of time. That the use of committees and administrative officials to prepare legislation makes it impossible for the members of any legislative body to be thoroughly familiar with the ordinances, laws and resolutions they subsequently vote for. The two councilmen did consult the engineer but did not do the thing which I doubt any of us would do, namely, read every line and paragraph of every ordinance upon which they vote.

We do not feel that there is any compelling showing that any of the plaintiffs waived their rights or by their conduct were estopped from asserting their defenses. The entire proceeding to assess, so far as these plaintiffs are concerned, was void from its inception. See *City of Cincinnati* v. *Sherike*, 47 Ohio St., 217; *Mallo* v. *Village of Dover, supra*; and *Village of Sebring* v. *Smith*, 123 Ohio St., 547, and *Sisters of the Poor of St. Francis* v. *City of Cincinnati, supra*.

We conclude that none of the urged assignments of error is well taken, and, consequently, the judgment herein appealed from is affirmed.

*Judgment affirmed.*

GILLEN, P. J., and COLLIER, J., concur.