69 N.J. Super. 242 (1961)
174 A.2d 238
ALBERT STAHL (AND 16 OTHERS), PLAINTIFFS-APPELLANTS,
v.
BOARD OF FINANCE OF THE CITY OF PATERSON, ET ALS., DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued April 10, 1961.
Decided April 28, 1961.
*243 Before Judges PRICE, GAULKIN and SULLIVAN.
Mr. Morris Dobrin argued the cause for the appellants.
Mr. Carl Gelman argued the cause for the respondent Housing Authority of the City of Paterson.
Mr. Theodore D. Rosenberg argued the cause for the respondents Board of Finance, Board of Public Works, Planning Board and City of Paterson.
PER CURIAM.
Plaintiffs contend that the judgment should be reversed because they were refused permission to take oral depositions of certain witnesses in advance of the trial in the Law Division of the Superior Court. Plaintiffs served demands upon opposing counsel to produce the "Housing Authority of the City of Paterson and William H. Bentele, Director of Urban Renewal" and the "Board of Finance of the City of Paterson and Howard Brostown, Secretary; Board of Public Works of the City of Paterson and Frank Sciro, Secretary; Planning Board of the City of Paterson and George Diamond, Secretary; City of Paterson and Frank Sciro, City Clerk," for the taking of their oral depositions pursuant to R.R. 4:16-1, 2, and 4:20-1. Counsel for defendants then moved, pursuant to R.R. 4:20-2, for an order that the oral depositions not be taken. In the course of the arguments on this motion, counsel for the plaintiffs *244 stated that he wished to take the oral depositions of other witnesses as well. The trial judge asked for a letter "naming the witnesses and indicating the scope of their examination." Plaintiffs' counsel wrote such a letter, in which he stated that, in addition to those named above, he wished to take the oral depositions "of the Officers of the Ultra Chemical Co."
On April 14, 1960 the trial judge entered an order forbidding the proposed oral depositions, but requiring the chairman and the secretary of the planning board and the Director of Urban Renewal "to give depositions on written interrogatories" upon questions set forth in said order, and providing that "plaintiffs shall be permitted to inspect all reports, studies, data and information either prepared or utilized by the Planning Board or the Housing Authority of the City of Paterson in connection with the project area which is the subject of this litigation. This inspection shall be made at the respective offices of the defendant Boards, and plaintiffs shall be permitted to make copies of the aforesaid matter without removal of the same from the premises."
We are mindful of the difficulties faced by property owners when they undertake to contest a finding of blight. Cf. "Judicial Review of Urban Redevelopment Agency Determinations," 69 Yale L.J. 321 (1959); "Urban Renewal," 72 Harv. L. Rev. 504, 513-519 (1959); "Administrative Procedure and the Advocatory Process in Urban Redevelopment," 45 Calif. L. Rev. 134, 142-152 (1957); Wilson v. Long Branch, 27 N.J. 360 (1958), certiorari denied 358 U.S. 873, 79 S.Ct. 113, 3 L.Ed.2d 104 (1958). On the other hand, it appears to be settled that the review of such a finding is by an in lieu proceeding under R.S. 4:88-2; that the trial before the Superior Court is not a trial de novo of the issue of blight, but only an inquiry whether there was in the possession of the municipal authorities "substantial evidence" to support their conclusion when they determined "that the area * * * is a blighted area"; that such "substantial evidence" may include material which does *245 not conform "to the rules of evidence applicable to a judicial proceeding," and which was not submitted to the municipal authorities "through the avenue of direct and cross-examination in the formal setting of a trial type hearing"; and that the hearings before the municipal bodies are essentially legislative and not judicial. Wilson v. Long Branch, supra, 27 N.J. 360, 386-390; Griggs v. Borough of Princeton, 33 N.J. 207 (1960).
Against this background, we have reviewed the entire record carefully, including the material submitted upon the plaintiffs' motion for leave to appeal from the order of April 14 (which was denied), the pleadings in the earlier action instituted by plaintiffs (in July 1959, L-15163-58), the answers to all interrogatories, the voluminous exhibits, and the testimony taken during the final hearing before the trial judge, beginning June 27, 1960. That examination satisfies us that plaintiffs had ample time and opportunity to prepare their case, and did so, and that no prejudice resulted to them from the order of April 14. Little that was pertinent, or that would have led to pertinent evidence, could have been developed in the requested oral depositions that was not developed otherwise; and we fail to see how that little could have affected the result.
As to all of the other questions presented to us as grounds for reversal, we are in substantial agreement with the answers given in the opinion of Judge Kolovsky, the trial judge, which is reported in 62 N.J. Super. 562.
The judgment is affirmed. No costs.