Jerry Dwayne SLATER, William T. Loraine and All Others Similarly Situated, Appellants,

v.

The INCORPORATED TOWN OF ADEL, Iowa, and Adel Council Members, Robert Ockerman, James Greenslade, Richard Peterson, Shirley McAdon, and Jerry Roberts, City Clerk, Appellees.

No. 67225.

Supreme Court of Iowa.

Sept. 29, 1982.

Elizabeth W. Duncan, Adel, for appellants.

John O. Reich, Adel, for appellees.

Considered by REYNOLDSON, C. J., and LeGRAND, UHLENHOPP, McGIVERIN and CARTER, JJ.

McGIVERIN, Justice.

Plaintiffs appeal from summary judgment dismissing their petition to test the regularity of procedure and legality of a special assessment district for street improvements in Adel. Iowa Code § 384.66 (1981). Two main issues involving compliance with chapter 384 are raised: 1) whether plaintiffs received adequate notice and a fair hearing; and 2) whether a unanimous vote was required to pass the improvement ordinance. We find that trial court properly determined that there were no genuine issues of material fact as to these issues and that defendants were entitled to judgment as a matter of law. Therefore, we affirm the summary dismissal of plaintiffs' petition.

The Adel city council initiated a proposed street improvement project for the city in the fall of 1980. On October 28, 1980, the council adopted a preliminary resolution which set out the boundaries of the proposed paving project. Iowa Code § 384.42.

The preliminary resolution encompassed twenty-eight city blocks in the paving project.

In early January 1981 concerned residents presented a remonstrance to the council signed by property owners subject to 75% of the amount of the proposed assessments. The council found the remonstrance invalid as untimely because no proposed resolution of necessity had been made. Iowa Code §§ 384.49, .51. At its January 26 meeting the council subsequently prepared and introduced a proposed resolution of necessity for the project. A hearing on the proposal was set for February 17, 1981, and the city clerk complied with the notice requirements of Iowa Code § 384.50 (publication and mailed copy to property owners).

On February 4, 1981, a second remonstrance was filed. It had been signed by property owners subject to at least 75% of the "amount of the proposed assessments for the entire public improvement included in the resolution of necessity." Iowa Code § 384.51. At the well-attended public hearing on February 17 an overwhelming majority of the affected property owners present spoke out in opposition to the project. The council deferred action on the proposed resolution of necessity until its March 10 meeting.

At the March 10 meeting, the council amended the January 26 proposed resolution of necessity. The amendment reduced the size of the paving project from twenty-eight to twelve blocks. It also had the effect of reducing the percentage of signatories to the remonstrance below 75%. The significance of the remonstrance reduction is that it allowed the council to adopt the proposed resolution of necessity by a three-fourths vote, instead of requiring council unanimity for passage. Iowa Code § 384.51. The council adopted the proposed resolution of necessity by a four to one vote at the March 10 meeting.

On March 26, plaintiff objectors filed a petition in equity to test the regularity of the proceedings and the legality of the as-

sessment. Iowa Code § 384.66. Defendants, the Town of Adel and its council and clerk moved for summary judgment. Iowa R.Civ.P. 237. Trial court sustained the motion on July 28 and ordered plaintiffs' petition dismissed. Summary judgment was entered on August 20, 1981. Plaintiffs have appealed.

Although the notice of appeal was filed before the final judgment, we will consider the appeal under Iowa R.App.P. 1(c) because the judgment entered was already determined by the July 28 ruling.

Iowa Code § 384.51 (1981) is central to the resolution of the issues in this appeal. It provides, in pertinent part:

> The council shall meet as specified in the published notice, and after hearing all objections and endorsements from property owners and other persons having an interest in the matter, and after considering all filed, written objections, may adopt or amend and adopt the proposed resolution of necessity, or may defer action until a subsequent meeting. A resolution of necessity requires for passage the vote of three-fourths of all the members of the council, or, in cities having but three members of the council, the vote of two members, and where a remonstrance has been filed with the clerk, signed by the owners subject to seventy-five percent of the amount of the proposed assessments for the entire public improvement included in the resolution of necessity, a resolution of necessity requires a unanimous vote of the council. An amendment which extends the boundaries of a district, increases the amount to be assessed against a lot, or adds additional public improvements, is not effective until an amended plat, schedule, and estimate have been prepared and adopted, a notice published and mailed by certified mail to all affected property owners, and hearing held in the same manner as the original proceedings, or until all affected property owners agree in writing to the change. The adoption of a resolution of necessity is a legislative determination that the improvement is expedient and

proper and that property assessed will be specially benefited thereby and this determination of the council is conclusive. Ownership of property to be assessed by any improvement shall not, except for fraud or bad faith, disqualify a council member from voting on any measure.

Summary judgment is proper where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *Berenger v. Frink,* 314 N.W.2d 388, 390 (Iowa 1982); Iowa R.Civ.P. 237(c). Trial court properly found no genuine issue of material fact and entered summary judgment dismissing plaintiffs' petition.

I. *Notice and fair hearing.* Plaintiffs contend the court erred in ruling that they received a fair hearing and adequate notice by the procedure the council adopted. It is not disputed that the notice given for the February 17, 1982, public hearing complied with Iowa Code § 384.50. The issue is whether a second notice procedure had to be implemented after the council amended the proposed resolution of necessity on March 10 by shrinking the size of the project from twenty-eight to twelve blocks. We find no trial court error in determining that a second notice was not required.

Two well established rules are applicable to our problem. Statutory requirements as to notice must be strictly observed or the proceedings involving special assessments will be held void. The purpose of the notice is to alert the concerned property owners that certain work is contemplated so that they can protest if they so desire, "to secure to the owner the opportunity to protect his property from the special or local assessment, and in order to be effectual it should be so full and clear as to disclose to persons of ordinary intelligence in a general way what is proposed and when and where they may be heard." Unless designated items are specifically required in the statute, it is sufficient if it informs one of the nature of the improvement, the property to be affected, and gives him the opportunity to be heard. It must conform sub-

stantially to the requirements of the law providing therefor. But no more can be required than the legislature has fixed as necessary to be stated in the notice. *Roznos v. Town of Slater,* 254 Iowa 77, 82–83, 116 N.W.2d 471, 474 (1962) (citations omitted); *see* C. Rhyne, *The Law of Local Government Operations,* § 29.6 at 1005 (1980); *H. L. Munn Lumber Company v. City of Ames,* 176 N.W.2d 813, 818 (Iowa 1970) ("The rule is well established that the adoption of a resolution of necessity and the publication of a notice of intention to improve are conditions precedent to ordering or making the improvement, and that the statutes requiring same are to be somewhat strictly followed." (quoting *Davenport Locomotive Works v. City of Davenport,* 185 Iowa 151, 155, 169 N.W. 106, 107 (1918)); *cf.* 63 C.J.S. *Municipal Corporations* § 1095 at 746 (1950) ("In the absence of express requirements as to form or contents, a liberal test of sufficiency [of notice] is applied").

The manifest purpose of the notice requirement is "to afford abutting property owners an opportunity to be heard on the propriety of making the proposed improvement, the character of that to be made and in a way to bring them in as parties to the enterprise." *Gilchrest & Co. v. City of Des Moines,* 131 N.W. 776, 779 (Iowa 1911). *See* 63 C.J.S. *Municipal Corporations* § 1094 at 745 (1950).[1]

Under the terms of Iowa Code § 384.51, the council "may adopt or amend and adopt the proposed resolution of necessity" after public hearing. A second notice is required if the council amends the proposed resolution of necessity in a manner that "extends the boundaries of a district, increases the amount to be assessed against a lot, or adds additional public improvements." None of these three contingencies occurred in the present case when the council amended the proposed resolution of necessity on March 10. Although it "is true

that statutes relating to special assessments against abutting property are strictly construed in favor of the property owner," *Miller v. City of Shelton,* 198 Iowa 855, 858, 200 N.W. 341, 342 (1924), we find that Iowa Code § 384.51 does not require a second notice if the size of the project in the proposed resolution of necessity is reduced by amendment and there is no increase in an assessment against a lot or added public improvements.

This interpretation is supported by the legislative history of section 384.51, enacted in 1972. 1972 Iowa Acts, 64 G.A., Ch. 1088, § 132 ("Home Rule for Cities"). Prior to the enactment of section 384.51, the procedure for municipal improvements via special assessments was governed by several code sections: 1) Iowa Code § 390A.12 (1973) ("Off-street Parking Benefitted Districts"; "At the hearing the resolution may be amended and passed or passed as proposed"); 2) Iowa Code § 391.23 (1973) ("Street Improvements, Sewers and Special Assessments"; "At the hearing the resolution may be amended and passed, or passed as proposed"); 3) Iowa Code § 391A.14 (1973) ("Street Improvements and Sewers" (Alternate Method); "[A]ny amendment which extends the boundaries of a district or increases the amount to be assessed against any lot shall not be effective until an amended plat, schedule, and estimate have been prepared and adopted and a notice published and hearing held in the same manner as hereinbefore provided for the original proceedings; or until all property owners affected thereby agree in writing to the change"); 4) Iowa Code § 417.16 (1973) ("Street Improvements and Sewers in Cities Over 125,000 Population"; "After consideration of said proposed improvements and objections thereto, if any, or to any of the elements thereof, the city council shall adopt a resolution abandoning the said proposed plan, or adhering thereto, or approv-

---

1. Other purposes of notice in the assessment context have been recognized: 1) to bring home knowledge to the property owner of the passage of a resolution and that the costs thereof will be assessed upon adjoining property owners, *Village of Sebring v. Smith,* 123 Ohio St. 547, 549, 176 N.E. 221, 221 (1931); and 2) to enable objectors to seek judicial review within the period of limitations, *Stahl v. Board of Finance of City of Paterson,* 62 N.J.Super. 562, 588, 163 A.2d 396, 411 (1960), *aff'd,* 69 N.J.Super. 242, 174 A.2d 238 (1961).

ing, changing or modifying the extent, nature, kind, character, type or estimated cost, provided such change shall not increase the estimated cost of the improvement to exceed ten percent of the same or change the district without a further public hearing therein with notice as required for the original hearing"); and 5) Iowa Code § 420.267 (1973) ("Cities Under Special Charter—Street Improvements and Sewers"; "The council, after considering such objections, shall determine what changes, if any, shall be made in the plan shown by such plat, and may, by resolution, order such improvement or sewer, prescribing generally the extent of the work, the kinds of material, and in case of sewers, the size and kinds of material to be used, when the work shall be completed, the terms of payment, and provide for the publication of notice asking proposals for doing such work, and the time the same will be acted upon").

By unifying various special assessment procedures under section 384.51, the legislature chose one of several available alternatives for notice and hearing procedure after the council amends a resolution of necessity. There are no indicia of legislative intent to require new notice if the underlying improvement project is decreased in size and cost with no increase in assessment against any lot or any added improvements. If the legislature had intended to make such a provision, it could have adopted the language of Iowa Code § 417.16 (1973) instead of the language that was adopted. The construction we have reached comports with the main purpose of notice which is to give affected parties an opportunity be heard. In the present case, the plaintiffs and other owners of property in the twelve block paving project exercised their opportunity to be heard. The court made no error in determining that a second notice was not necessary in the present case and that plaintiffs had obtained a fair hearing on the matter.

II. *Unanimity.* Plaintiffs contend the court erred in determining there was no genuine issue of material fact on the question of whether a unanimous vote was required for the five-member council to adopt the resolution of necessity on March 26. We find no error and affirm trial court's ruling on this issue.

■ Section 384.51 generally requires a three-fourths vote of all the members of the council for passage of a resolution of necessity.[2] However, when "a remonstrance has been filed with the clerk, signed by the owners subject to seventy-five percent of the amount of the proposed assessments for the entire public improvement included in the resolution of necessity, a resolution of necessity requires a unanimous vote of the council." Iowa Code § 384.51. In the present case, the filed remonstrance would have required a unanimous council vote to adopt the proposed resolution of necessity for the twenty-eight block improvement. However, the court found no genuine issue of material fact on the issue of whether there was a sufficient percentage of signators to the remonstrance to require a unanimous vote for the smaller project as reflected in the amended resolution of necessity dated March 10.

■ The evidence presented on the issue supports trial court's finding. The city clerk, by affidavit, testified that: "significantly less than 75% of the assessments objected to the streets which remained in the project after passage of the amendment." On this point, plaintiffs only produced, by affidavit, the testimony of Connie Biersma, who owned property within the improvement district: "In my opinion, a question exists as to whether or not owners representing less than 75% of the amount of the assessment for the twelve block district, signed the Remonstrance." We initially note that Iowa R.Civ.P. 237(e) requires that such affidavits "shall set forth such facts as would be admissible in evidence." The court found the Biersma testimony "specu-

---

**2.** In cities that have three member councils, two votes will generally suffice for adoption of     a resolution of necessity.

lative" and that plaintiffs had implied in their petition that the remonstrance was insufficient to compel council unanimity on the twelve block project resolution of necessity. The court found that plaintiffs could have presented, but failed to present, documents to substantiate the Biersma allegations. We find the court did not err in concluding no genuine issue of material fact existed as to whether the remonstrance required a unanimous vote to be made by the council.

▪ Plaintiffs further contend that a question of law exists as to whether the council can circumvent the unanimity requirement by amending the proposed resolution of necessity to reduce the size of the improvement. Iowa Code § 384.51 clearly permits amendment of the proposed resolution of necessity: "the council shall meet ... and ... may adopt or *amend and adopt* the proposed resolution of necessity." (Emphasis added). Since the statute was complied with, "[w]e are not concerned here with the reason or motive of the city council in the manner in which it acted." *Miller,* 198 Iowa at 856, 200 N.W. at 341. In other words, we do not interfere with municipal actions in the creation of special assessment districts for public improvements in the absence of fraud or arbitrary action. *E.g., Board of Education v. City of Topeka,* 214 Kan. 811, 815–16, 522 P.2d 982, 988 (1974); *Blount v. City of Laramie,* 510 P.2d 294, 299 (Wyo. 1973); C. Rhyne, *The Law of Local Government Operations* § 29.4 at 1001 (1980); 56 Am.Jur.2d *Municipal Corporations* § 355 at 382 (1980); *but cf. Safeway Stores, Inc. v. City of Burlingame,* 170 Cal. App.2d 637, 339 P.2d 933, 936 (1959) (under California statute motive considered; "it seems crystal clear that the proponents of the district were motivated in setting the boundary lines of said district, not so much

by using the yardstick of benefits, but by gerrymandering so as to get signers to the petition, who together owned 51% of the total assessed valuation of the lands within the proposed district"). We find no evidence of fraud or arbitrary action on the part of the council in the present case.

▪ III. *Other contentions.* Plaintiffs also contend a genuine issue of material fact existed as to the feasibility of the paving project and its financial burden on the property owners. These claims are answered by the portion of section 384.51 that provides: "The adoption of a resolution of necessity is a legislative determination that the improvement is expedient and proper and that property assessed will be specially benefited thereby and this determination of the council is conclusive." *Cf. City of Clive v. Iowa Concrete Block and Material,* 298 N.W.2d 585, 591–92 (Iowa 1980) ("Section 384.51 limits courts to a review of the constitutionality of the council's decision and precludes courts from asking whether, if they were council members, they would have drawn the same boundaries.") No constitutional attack is made on the council's actions and we find no merit in plaintiffs' contentions.

We have considered all of plaintiffs' arguments whether or not discussed herein. We find trial court committed no error and therefore affirm the summary judgment dismissing plaintiffs' petition.

AFFIRMED.